# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18 CV 1327 |
| 3.31 ACRES OF LAND, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Central Land Consulting, LLC d/b/a Diamond Land Consultants to intervene (Doc. 101) and the motion of consolidated defendants to join Wayne Borgschulte; Gary Machens; Eric Mintert; Mike Mintert; Simon Bros, LLC; Kevin Machens; C&J Steinhoff Farms, LLC; and Saale Farm and Grain, Inc as co-defendants. (Doc. 99). Plaintiff opposes both motions. (Docs. 172-73).

Federal Rule of Civil Procedure 71.1(c)(3) requires that "before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records[.]" Central has produced evidence of its exclusive options to purchase easements on various parcels of land at issue in this case. (Doc. 185, Exs. 1-3). The movant defendants have produced evidence that the proposed co-defendants have leasehold interests on other parcels of land at issue in this case. (Doc. 99, Exs. 2-12). Plaintiff argues that both motions are premature, and the motion to intervene is improper because Central has not shown its option interests comply with federal and Missouri law. (Doc. 172).

With respect to the validity of the interests, plaintiff claims that the holder of an option that has not been exercised has only a future, non-compensable property interest that is speculative and non-binding. *United States v. 518.77 Acres of Land*, 545 F.Supp. 1246 (W.D. Mo. 1982). Central's response includes copies of three option contracts for three parcels of land at issue in this case, and at least two are signed by property-owner defendants.

(Doc. 185, Exs. 1-3). These options appear to mirror the easements that plaintiff seeks to condemn. (*Id.*).

Missouri state property law defines property rights for federal takings claims. *Rucci v. City of Eureka*, 231 F. Supp. 2d 954, 957 (E.D. Mo. 2002). Under Missouri law, an unexercised option to purchase can be a compensable property interest in a condemnation proceeding. *City of Peerlesspark v. Dennis*, 42 S.W.3d 814, 818 (Mo. App. E.D. 2001). The Court finds that Central has claimed a potentially compensable property interest. The Court also finds that the leaseholders have claimed a potentially compensable property interest. *See, e.g., AMTRAK v. 4,945 Square Feet of Land*, 1 F. Supp. 2d 79 (D. Mass. 1998); *but cf. Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 332 (Mo. Ct. App. 1977) (holding that not all leasehold interests are compensable).

The only issue that remains, therefore, is the timing of the proposed entry into the case. Plaintiff argues that the provision in the rule stating "*before any hearing on compensation,*" means that any intervention or joinder at the preliminary injunction stage is premature. (Doc. 172). It claims that other courts have allowed actions to proceed without requiring joinder of "all owners of fractional interests" in condemned property. *United States v. 14.02 Acres of Land*, 547 F.3d 943, 954 (9th Cir. 2008); *see also Mtn. Valley Pipeline, LLC*. Specifically, it relies on two district court cases from Alabama and West Virginia that refused to add parties at the preliminary injunction stage, because those parties would be added "during the just compensation phase." *Mtn. Valley Pipeline, LLC v. Simmons*, 307 F. Supp. 3d 506, 524 (N.D. W. Va. 2018); *Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cnty.*, 2016 WL 8900100, at *8-9 (M.D. Ala. June 3, 2016). In *Sabal Trail*, the court held that the underlying interest had not been shown to be valid, 2016 WL 8900100, at *8-9, and in *Mtn. Valley*, the entity seeking to be joined as to one tract was already a defendant as to another tract, and it was seeking to assert mineral rights that the plaintiff argued might not be entitled to compensation at all. 307 F. Supp. 3d at 524.

Central claims that any delay is needless and deprives it of the opportunity to respond to the complaint, oppose any motion, participate in a settlement conference, or take other actions to defend its property interests.

The Court finds that the property owners are all that are required at this stage of the proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to join (Doc. 99) and to intervene (Doc. 101) are **denied** without prejudice to re-filing at the just compensation phase of the litigation.

<u>/s/ David D. Noce</u>
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 19, 2018.