# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Case |
| v. ) | No. 4:18 CV 1327 RWS / DDN |
| ) | |
| 3.31 ACRES OF LAND, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER
## GRANTING CONDEMNATION ORDER AND
## PRELIMINARY INJUNCTION

This matter is before the Court on plaintiff's motion for an order of condemnation and for preliminary injunction. The Court referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b).

On November 26, 2018, following a two-day hearing on November 19 and 20, Judge Noce filed his Report and Recommendation that the motion of plaintiff Spire STL Pipeline LLC be granted. Certain defendants[1] filed objections to the Report and Recommendation, to which plaintiff has responded.

---

[1] Defendants The Margaret G. Bell Revocable Living Trust dated July 11, 2002; Margaret G. Bell as Trustee of the Margaret G. Bell Revocable Trust dated July 11, 2002; Verona M. Kampmann, as Trustee of the Verona M. Kampmann Revocable Trust dated April 22, 2004; The Verona M. Kampmann Revocable Trust Dated April 22, 2004; The Cletus A. Kampmann Revocable Trust dated April 22, 2004; Cletus A. Kampmann, as Trustee of the Cletus A. Kampmann Revocable Trust dated April 22, 2004; Eugene Weidner, as Trustee of Eugene Weidner and Joyce Weidner Revocable Trust dated October 26, 1999; Joyce Weidner, as Trustee of Eugene Weidner and Joyce Weidner Revocable Trust, dated October 26, 1999; Eugene Weidner and Joyce Weidner Revocable Trust dated October 26, 1999; Alan Schlemmer and Barbara Schlemmer; CorGaf LLC; Dennis H. Schaeffer Trust dated March 2, 1995; Virginia A. Schaeffer Trust dated March 2, 1993; and Dennis H. Schaeffer, as Trustee of the Virginia A. Schaeffer Trust dated March 2, 1995.

### I. Standard of Review

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *see also* Fed.R.Civ.P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The reviewing judge may accept, reject, or modify the findings or recommendations in whole or in part. 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(c)(3).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of the findings or recommendations to which objection has been made. *See, e.g., United States v. Lothridge,* 324 F.3d 599, 600 (8th Cir. 2003). In this Circuit, "objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation." *Thompson v. Nix,* 897 F.2d 356, 357-58 (8th Cir. 1990). Portions of the proposed findings or recommendations to which no objections have been filed are reviewed only for "plain error." *See Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir. 1994).

### II. Objections to the Report and Recommendation

The defendants' objections are comprised of the same arguments set forth in the defendants' briefing on the merits. Specifically, defendants object to the magistrate judge's finding that plaintiff will suffer irreparable harm in the absence of a mandatory preliminary injunction, arguing that it is not "certain" plaintiff will, absent a preliminary injunction, (1) lose its contractor Michels Corporation, (2) miss its window to remove trees in protected environmental areas, or (3) encounter flooding. (Doc. 231). The objecting defendants claim that "[n]one of the evidence presented at the hearing showed that any of these three claimed harms was probable, much less certain." (*Id.* at 2).

Defendants' objections to these findings of the magistrate judge are without merit. There is ample evidence plaintiff would suffer irreparable harm without a preliminary injunction. The Eighth Circuit Court of Appeals has stated that, while "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief," "the alleged harm need not be occurring or be certain to occur before a court

may grant relief." *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, 826 F.3d 1030, 1037 (8th Cir. 2016) (citations and quotations omitted). The Supreme Court has clarified that the proper standard requires a showing that irreparable injury is "likely" in the absence of an injunction. *Benisek v. Lamone*, 138 S. Ct. 1942 (2018) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008)). "Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017).

The parties do not dispute that the Federal Energy and Regulatory Commission's certificate of public convenience and necessity issued to plaintiff requires the project to be completed by August 2, 2020. (Doc. 1, Ex. 1). Each of the challenged harms is part of a broader alleged harm: the inability of plaintiff to complete the project by the August 2020 deadline or the failure of the project entirely.

The evidence of record shows that while plaintiff and its contractor, Michels Corporation, were able to amend their contract once, this amendment occurred before the issuance of the FERC certificate and its required completion deadline. (Doc. 226 at 121-22). The evidence of record also shows that Michels has pre-existing commitments in 2019, and that Michels is essential to the complex project's completion to ensure public safety. (Doc. 89, Ex. 2 at ¶¶ 25-29; Doc. 226 at 117, 122-25, 253-55). The loss of Michels as the project contractor would require the bidding process to start over, which would likely take six months and make completion of the pipeline by August 2, 2020, unlikely if not impossible. (*Id.*).

The record further shows that the environmental restrictions imposed by the FERC certificate on bat habitats along the route impact the time in which plaintiff may complete the construction of the pipeline. The evidence of record establishes that the pipeline ought to be built as an integrated unit from end to end and not be constructed piecemeal. (Doc. 228 at 63). Accordingly, environmental restrictions on tree clearing in one location affect the schedule for the entire project. (Doc. 227 at 108). The objection that the bats are irrelevant to this case because they are in Illinois ignores this evidence.

The objectors argue that flooding is speculative and cannot support a finding of likelihood of irreparable harm. The evidence of record shows that the floodplains along the pipeline route are most susceptible to flooding in May and June. (Doc. 175 at 20). The planned

construction schedule, accordingly, anticipates that construction in those areas would be completed before water levels rise in May and June 2019. (Doc. 227 at 241-44). While flooding is unpredictable, plaintiff has looked at data for these locations to make a construction plan, and the impact of flooding during construction, if it did occur, would require costly move-arounds that would make the project unsustainable. (Doc. 227 at 11, 71-72).

The Court finds that plaintiff has identified the irreparable harm that would occur absent a preliminary injunction, namely, the inability to complete the project on time or at all, and the inability to use the expert contractor necessary to perform the complex horizontal directional drilling underneath the Missouri and Mississippi Rivers and near an ammonia pipe. The loss of time and the difficulties involved in obtaining a replacement contractor—and the impact this loss of time would have on the rest of the conditions on the schedule—demonstrate that plaintiff's loss would be irreparable. The evidence of record shows that this harm is not just "possible," but "likely" in the absence of preliminary injunctive relief. It is doubtful plaintiff could be compensated through an award of damages, and plaintiff's injuries are sufficiently imminent that there is a clear and present need for equitable relief.

Finally, defendants object to the magistrate judge's report on the ground that granting a private company a preliminary injunction for immediate possession is prohibited by federal law. (Doc. 231 at 1 n.2). This objection restates the same argument defendants made before Judge Noce, and it is overruled for the reasons stated by Judge Noce in his Report and Recommendation. (Doc. 222 at 3-4, n. 1).

### III. Conclusion

After de novo review, the Court concludes that the objections to the magistrate judge's Report and Recommendation are without merit. The Court adopts the findings of fact and conclusions of law set out in the Report and Recommendation. However, the magistrate judge's Report and Recommendation requires clarification with respect to plaintiff's stipulations with other pipeline and utility interests. (Doc. 224). Therefore, the following order reflects those stipulations.

**IT IS HEREBY ORDERED** that the Report and Recommendation of the magistrate judge, filed on November 26, 2018 (Doc. 222), is adopted and sustained, with the exception of the clarification to the order for preliminary injunction stated below.

**IT IS FURTHER ORDERED** that plaintiff's motion for an order of condemnation and preliminary injunction (Doc. 86) **is granted**. Plaintiff's authority under the Natural Gas Act, 15 U.S.C. § 717f(h), to condemn the parcels of property to be acquired by eminent domain as described by plaintiff in the consolidated actions ("subject parcels") in Appendix A is hereby confirmed.

**IT IS FURTHER ORDERED** that plaintiff's request for clarification regarding pipeline and utility stipulations (Doc. 224) **is granted**. The Court hereby incorporates by reference in this Memorandum and Order the previously-filed Stipulations of plaintiff and the pipeline interests and utility interests described in Court Documents 82, 193, 195, 196, and 223, and any other stipulations that plaintiff enters and files with the Court as to additional pipeline interests and utility interests.

**IT IS FURTHER ORDERED** that defendants' objections to the Report and Recommendation (Doc. 231) are overruled.

**IT IS FURTHER ORDERED** that plaintiff may take physical possession of the subject parcels of property and may begin construction of the subject pipeline as soon as it deposits with the Clerk of this Court a surety bond in the amount of $1,100,000.00 (approximately 1.5 times the total value of plaintiff's estimate of just compensation for the subject parcels). This taking is subject to the previously-filed stipulations of plaintiff with pipeline interests and utility interests, as well as any future stipulations plaintiff may enter into and file with this Court.

_____
**UNITED STATES DISTRICT JUDGE**

Dated: December 12, 2018.

# APPENDIX A:

| | |
|---|---|
| 4:18-cv-01332-RWS-DDN | 4:18-cv-01365-RWS-DDN |
| 4:18-cv-01333-RWS-DDN | 4:18-cv-01366-RWS-DDN |
| 4:18-cv-01334-RWS-DDN | 4:18-cv-01367-RWS-DDN |
| 4:18-cv-01335-RWS-DDN | 4:18-cv-01368-RWS-DDN |
| 4:18-cv-01337-RWS-DDN | 4:18-cv-01369-RWS-DDN |
| 4:18-cv-01339-RWS-DDN | 4:18-cv-01370-RWS-DDN |
| 4:18-cv-01340-RWS-DDN | 4:18-cv-01371-RWS-DDN |
| 4:18-cv-01342-RWS-DDN | 4:18-cv-01372-RWS-DDN |
| 4:18-cv-01343-RWS-DDN | 4:18-cv-01373-RWS-DDN |
| 4:18-cv-01344-RWS-DDN | 4:18-cv-01382-RWS-DDN |
| 4:18-cv-01350-RWS-DDN | 4:18-cv-01391-RWS-DDN |
| 4:18-cv-01351-RWS-DDN | 4:18-cv-01519-RWS-DDN |
| 4:18-cv-01352-RWS-DDN | 4:18-cv-01520-RWS-DDN |
| 4:18-cv-01353-RWS-DDN | 4:18-cv-01522-RWS-DDN |
| 4:18-cv-01356-RWS-DDN | 4:18-cv-01523-RWS-DDN |
| 4:18-cv-01359-RWS-DDN | 4:18-cv-01531-RWS-DDN |
| 4:18-cv-01360-RWS-DDN | 4:18-cv-01533-RWS-DDN |
| 4:18-cv-01361-RWS-DDN | 4:18-cv-01691-RWS-DDN |
| 4:18-cv-01362-RWS-DDN | 4:18-cv-01692-RWS-DDN |
| 4:18-cv-01363-RWS-DDN | |