UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
|     Plaintiff, | ) Cons. Case No: 4:18-CV-01327 ) |
| v. | ) THIS DOCUMENT APPLIES ) TO CASE:  (4:18-CV-01344) ) |
| 3.31 ACRES OF LAND, MORE OR LESS, SITUATED IN ST. CHARLES COUNTY, STATE OF MISSOURI et al; | ) Tract No. MO-SC-312.000 ) ) ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE THE REPORTS AND TESTIMONY OF GERALD BERNING, DONNA HOWARD AND WILLIAMS ONTIVEROS, AND DEFENDANT'S COST TO CURE AND CROP LOSS DAMAGES**

Plaintiff Spire STL Pipeline LLC ("Spire"), by counsel, requests the Court to enter an Order, prohibiting Defendant from using the opinion testimony or reports of Gerald Berning, Donna Howard and William Ontiveros, as well as Defendant's cost to cure and crop loss damages, as evidence at the Commission hearing in this matter.  In support, Spire states:

    1.    Defendant[1] previously designated two individuals as experts in the case: Mr. Gerald Berning ("Mr. Berning"), a soils expert, and Ms. Donna Howard ("Ms. Howard"), a real estate appraiser. Defendant also produced a damages estimate prepared by Mr. William Ontiveros and labeled it as an "expert" report.

    2.    Spire moves to exclude the opinion testimony and reports of Mr. Berning, Ms. Howard and Mr. Ontiveros because their conclusions of "damage" fail to satisfy the

---

[1] The defendants originally identified in connection with this parcel were Dennis and Virginia Schaeffer. On information and belief, Mr. Schaeffer is now deceased and his widow, Virginia Schaeffer and her trust are the sole remaining property owners with interest in the subject parcel, collectively referred to as "Defendant" herein.

requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and Federal Rule of Evidence 702 and 403.

3. At deposition, Mr. Berning offered opinions about the present soil conditions on Defendant's parcel. Mr. Berning claims Spire's construction activities have caused soil compaction, loss of topsoil, mixing of topsoil and subsoil and soil drainage problems within the right-of-way. Mr. Berning's conclusions, however, are premised on the assumption that Spire's restoration efforts on the Schaeffer parcel are "100 percent complete." This is incorrect.

4. Spire is mandated by its Federal Energy Regulatory Commission ("FERC") Certificate of Public Convenience and Necessity ("Certificate") to monitor and maintain the right-of-way following construction and to ensure agricultural land disturbed by the pipeline project is properly revegetated. Thus, there is no way to determine whether issues with soil depth, compaction and drainage, if any, will adversely affect the market value of the property at this time. While Mr. Berning's report may be based, to some degree, on scientific evidence, his conclusions are not reasonably probable but are based on pure speculation and conjecture. Accordingly, Mr. Berning's reports and testimony do not "fit" these proceedings because they will not help the Commission to determine a fact in issue. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); Fed. R. Evid. 702 and 403.

5. Moreover, Mr. Berning's compaction theory should further be excluded because his theory is not based on sufficient scientific facts or data as required by Federal Rule of Evidence 702, rendering his conclusions unreliable.

6. Ms. Howard was retained to offer opinions as to the value of the easements taken and damages to the remainder. With respect to the remainder, Ms. Howard concludes the southern portion of Defendant's parcel beyond the right-of-way is now considered "poor" farmland (compared to "average" farmland before the pipeline). Ms. Howard concludes the

southern portion now has inadequate access and drainage which reduces the value of the southern portion by twenty-three (23%) percent. This conclusion is directly contrary to Defendant's tenant farmer, Mr. Simon, who considers the parcel to be "prime" farmland before and after installation of the pipeline.

7. Further, to the extent Defendant's parcel has access and drainage problems, Spire can and has an obligation under the FERC Certificate to investigate and remedy any identifiable issues. Thus, there is no way to determine whether the southern portion of the Schaeffer parcel is truly "poor" farmland. Ms. Howard's conclusions relating to the southern portion of the Schaeffer parcel are premature, speculative and, like Mr. Berning, will not help the Commission to determine a fact in issue.

8. Moreover, Ms. Howard's conclusion that the southern remainder portion of the Schaeffer parcel has sustained a diminution in value should further be excluded because she is not qualified to render an opinion as to the quality of the soil and her conclusions are not based on sufficient facts or data as required by Federal Rule of Evidence 702, rendering her opinion unreliable. *JFM Mkt. Corp. v. SuperValu, Inc.*, 946 F.3d 995, 1000 (8th Cir. 2019) (explaining "[a] court should not admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 720 (8th Cir. 2012) (excluding expert testimony because it was excessively speculative and unsupported by sufficient facts).

9. Defendant also seeks to submit cost to cure and crop loss damages. With respect to cost to cure damages, Defendant seeks to submit an estimate prepared by Mr. Ontiveros, an affiliate of Sharpe Estimating, identifying $3,037,140 in costs to "cure" the alleged defects to Defendant's parcel caused by the installation of the pipeline.

10. First, Defendant did not timely disclose Mr. Ontiveros and the Sharpe estimate as an expert report, and the late disclosure failed to comply with Federal Rule of Civil Procedure

3

26(a)(2)(B). Mr. Ontiveros and the Sharpe estimate should be excluded for these reasons alone. *See e.g., Flesner v. Bayer AG*, 596 F.3d 884, 888 (8th Cir. 2010) (explaining district courts have broad discretion in establishing and enforcing deadlines and excluding expert's report as untimely).

11. Even assuming the untimely disclosure was justified, Mr. Ontiveros is not qualified to render an opinion as to whether the actual scope of work contained in the Sharpe estimate is necessary, the elements of work are not based on sufficient facts or data as required by Fed. R. Evid. 702, and the estimate as a whole is inherently unreliable. Indeed, Ms. Howard, admitted these damages are not proper in this condemnation proceeding because Defendant's proposed costs to cure damages substantially exceed the diminution in the fair market value of the parcel at the time of the taking.

12. In addition, several elements of work identified in the estimate includes areas outside the right-of-way, and Defendant is currently pursuing these damages in a Missouri state court proceeding, pending in the Circuit Court of St. Charles County in Cause No. 1911-CC00439-01.

13. With regard to crop loss, Defendant seeks to recover damages in 2019 for both inside and outside the right-of-way as a result of the pipeline. However, it is undisputed Defendant's inability to harvest a crop during the early part of 2019 was caused by the flooding that occurred due to the rising Mississippi and Missouri river, not the pipeline. In addition, to the extent Defendant has suffered crop loss due to the pipeline outside the right-of-way, these damages are not recoverable in this action, and Defendant is similarly pursuing these damages in a Missouri state court proceeding, pending in the Circuit Court of St. Charles County in Cause No. 1911-CC00439-01.

14. Defendant also claims future reduction in crop productivity as a result of the pipeline. However, Defendant's tenant farmer, Mr. Simon, has chosen not to farm the right-of-

way. Defendant cannot abstain from farming the easement area and then claim damages due to loss of crop productivity. That would be fundamentally unfair and result in a windfall to Defendant, and failure to farm is equal to failure to mitigate damages.

15. In addition, Mr. Berning and Mr. Simon both conceded any conclusion that the parcel will suffer a decrease in crop productivity as a result of the pipeline once full farming operations resume on the entire parcel is based on pure speculation. A claim of future crop loss, based entirely on speculation and conjecture, is improper for the Commission to consider in determining market value of the parcel as of the date of taking.

16. Spire submits its Memorandum of Law in Support of this Motion contemporaneously with this filing, incorporated herein as though fully set forth.

WHEREFORE, Plaintiff Spire respectfully requests that the Court to enter an Order excluding:

(a) The testimony and reports of Mr. Berning;

(b) Ms. Howard's report and testimony relating to the 106 acres of farmland south of the easement;

(c) Mr. Ontiveros, the Sharpe estimate or other cost to cure damages;

(d) Defendant's crop loss claims; and

(e) grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

HAMILTON WEBER LLC


/s/ David. T. Hamilton
David T. Hamilton     #28166
John H. Kilper           #60992
Jared Howell             #67332
200 North Third Street
St. Charles, MO  63301
(636) 947-4700 (Phone)
(636) 947-1743 (Facsimile)
dhamilton@hamiltonweber.com
jkilper@hamiltonweber.com
jhowell@hamiltonweber.com

ATTORNEYS FOR PLAINTIFF
*Spire STL Pipeline*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 26th day of June, 2020, by Notice of Electronic Filing pursuant to Fed.R.Civ.P. 5(b)(2)(E), to:

Jordan Walker, Esq.
Sever Storey, LLP
881 3rd Avenue SW, Suite 101
Carmel, IN  46032
Jordan@landownerattorneys.com
*Counsel for Defendants*
*William W. Kaufmann and Donna*
*Kaufmann Trust Dated Mar 4, 2017, et al.*

Joseph A. Ott, Esq.
OTT Law Firm
3407 S. Jefferson, Ste. 508
St. Louis, MO 63109
314-293-3756
jott0519@gmail.com
*Counsel for Defendants Dennis H. Schaeffer Trust*
*Dated March 2, 1995 et al.*

Carolyn Elefant, Esq. *pro hac vice*
1440 G Street, NW
Washington, DC 20005
Carolyn@carolynelefant.com
*Counsel for Defendants Dennis H. Schaeffer Trust*
*Dated March 2, 1995 et al.*

/s/ David. T. Hamilton

6