## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
|  | ) |
|  | ) Const. Case No.: 4:18-CV-01327 |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| 3.31 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI et al; | ) |
|  | ) |
| Defendants. |  |

### MOTION BY DEFENDANT LANDOWNER
### SCHAEFFER/SCHAEFFER TRUST TO CONTINUE
### JUST COMPENSATION HEARING

This morning, on June 22, 2021, the United States Court of Appeals issued a ruling in *Environmental Defense Fund v. Federal Energy Regulatory Commission*, Docket 20-1017 (June 22, 2021)(order attached) vacating the certificate order issued to Spire Pipeline by the Federal Energy Regulatory Commission (FERC) which deprives this Court of jurisdiction under the Natural Gas Act, 15 U.S.C. §717f(h) and eliminates the basis for the Order Granting Preliminary Injunction (Doc. 235) In light of this extraordinary new development, Virginia Schaeffer and the Schaeffer Trust, move this Court to continue the just compensation and ask the Court to set a schedule for the filing of a Motion to Dismiss Based on Lack of Jurisdiction, a Motion to Dissolve Injunction and a Motion for Damages and Attorneys' Fees by the Schaffer defendants and *all* landowners with pending compensation cases before this Court. In support of this Motion to Continue, the Schaeffer defendants state the following:

1. On June 22, 2021, the D.C. Circuit vacated the FERC Order approving the certificate authorizing Spire to construct, operate and maintain the 65-mile Spire pipeline which runs through dozens of properties in Illinois and Missouri, including the Schaeffer parcel.

2. Among other things, the D.C. Circuit found that the Commission had (1) not taken seriously arguments that Spire had manufactured need for its project which was backed by only one precedent agreement between Spire and its affiliate and (2) failed to balance the marginal benefits of the project against adverse impacts to impacted communities and landowners. The D.C. Circuit remanded the case to FERC to re-assess the project and significantly, chose to vacate the certificate finding that "it is far from certain" that FERC chose correctly when issuing the certificates. Order, Slip. Op. at 17.[1]

3. The D.C. Circuit's ruling invalidates the certificates on which Spire based its condemnation complaint and motion for preliminary injunction for possession. Because this court's very jurisdiction has been called into question, it makes no sense to continue the trial only to have the results challenged for want of jurisdiction at some point down the line. Moreover, the damages to which Schaeffer is entitled to for an abandoned, certificate-less pipeline include trespass, attorneys fees, and restoration costs and therefore differ from the monetary damage sought as just compensation in this proceeding.[2]

---

[1] To give some context, the D.C. CIrcuit rarely vacates a certificate order on remand, so this is extraordinary relief.

[2] The damages sought in these compensation hearings differ from damages to which Defendant landowners would be entitled for a vacated certificate, which include damages for restoration, trespass and attorneys fees. *See e.g., East Tennessee Natural Gas Co. v. Sage,* 361 F.3d 808, 826 (4th Cir. 2004)(explaining that if condemnation is abandoned, pipeline will be liable for damages to land and improvements) as well as trespass; *Transco Pipeline v. Permanent Easement for .018 Acres*, Docket No. 09-1385 (E.D. Pa. August 18, 2010)(awarding attorneys fees to landowners after pipeline segment was not built due to lack of permits).

4.      In light of the D.C. Circuit's ruling Defendant Schaeffer and the other landowners with pending compensation claims intend to file a Motion to Dismiss for Lack of Jurisdiction, A Motion to Dissolve the Injunction and a Motion for Damages and Attorneys Fees. Because Defendant Schaeffer's case is currently mid-trial, Schaeffer asked this court to continue the trial, and schedule dates for all defendant-landowners to file these motions, for Spire to respond and for the Court to hold a hearing.

WHEREFORE, for the foregoing reasons, the Schaeffer Defendants ask for immediate continuance of the pending hearing and a schedule to brief and argue the motions that all landowners intend to file.

Respectfully submitted,
/s/ *Carolyn Elefant*
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Carolyn Elefant, certify that on this 22th day of June, 2021 I caused the foregoing Notice of Rule 30(b)(6) Deposition to be served by electronic mail to the following:

David T. Hamilton#28166
Jared Howell#67332
Hamilton Weber LLC
200 North Third Street
St. Charles, MO  63301
T: (636) 947-4700
E: dhamilton@hamiltonweber.com
E: jhowell@hamiltonweber.com

Attorneys for Plaintiff Spire STL Pipeline

                                                Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendant