UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
| | ) |
| | ) Const. Case No.: 4:18-CV-01327 |
| Plaintiff, | ) Docket 4:18-CV-1344 |
| | ) |
| v. | ) |
| | ) |
| 3.31 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI et al; | ) |
| | ) |
| Defendants. | |

**OBJECTION AND RESPONSE TO COMMISSIONER REPORT**

On July 12, 2021, the Commission appointed by this Court issued a Report that is both hopelessly flawed and entirely irrelevant as a matter of law in light of the D.C. Circuit Order vacating the Spire Certificate in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016, at *36 (D.C. Cir. June 22, 2021). Once the D.C. Circuit ruling issued, Defendant Schaeffer moved to continue the trial (Doc. 608) which was denied, and subsequently along with all defendants has now filed a motion to vacate the order of condemnation and to dissolve the injunction (Doc. 625). Continuing to litigate just compensation for a taking that has been invalidated under a certificate that no longer exists (*See* Doc. 625 at 10-12) is a waste of the parties' resources and this Court's time. At a minimum, confirmation of the Commission Report and all other proceedings must be stayed until this Court rules on the Motion to Vacate given the serious jurisdictional and statutory questions that remain following the D.C. Circuit's ruling. *See Montanore Minerals Corp. v. Bakie,* 867 F.3d 1160 (9th Cir. 2017)(holding that lower court's

refusal to stay federal condemnation case under Rule 71.1 in light of pending state case which may alter the outcome is an abuse of discretion).

That said, to preserve objections for the record, Defendant Schaeffer and the Schaeffer Trust summarize the objections below.[1]

Objection 1:   Under Rule 71.1(h)(2)(a), the Commission must consist of three members, with two serving as alternates.  While the alternate members may replace the primary Commissioners before the decision is filed, they cannot participate in or make the decision. Here, all five Commissioners -- whether alternates or not -- signed the Commissioner Order. Although the Order purports to be unanimous, without being privy to the discussions, Defendants cannot know whether an Alternate played a more significant role in the decisional process.  The participation of five Commissioners taints the ruling and is clear error and grounds for reversing the entire decision.  *See Rover Pipeline LLC v. Rover Tract No. Pa Wa HL-004.500T,* No. 19-1613 (3d Cir. May 7, 2020)(applying clearly erroneous standard to evaluate Commission decision)

Objection No. 2:  The Commission erred in failing to find cost to cure damages related to the lost cubic yards of topsoil.  To be fair, the Commission's error flowed from this Court's erroneous ruling excluding D-14 (Topsoil Cost and Depth) from evidence because it purportedly was not disclosed in advance.  To the contrary, the worksheet had been disclosed during Nate Laps' deposition and should have been admitted at trial.  Had the worksheet been admitted, the Commissioners would have found cost to cure damages in excess of $100,000.

---

[1] It is further noted that the five days provided by the Court to file objections is an extremely tight deadline particularly given a weeklong hearing.

Objection No. 3:   The Commission did not mention the testimony of Nate Laps at all. Therefore, there is no indication that the evidence -- which included before and after photos of the property and documentation of its sub-standard condition -- were ever considered.

Objection No. 4 - The Commission erred in finding Mr. deJoia's testimony "a better match for the subject matter."  Mr. Berning had far more experience and further, was more objective precisely because he was not hired by the pipeline company to work on the project. The Commission erred in according less weight to Mr. Berning's testimony even though he had observed the soils first hand.

Objection No. 5 - The Commission's findings regarding compaction were clearly erroneous.  Part of the error flowed from this Court's erroneous refusal to allow Mr. Berning to testify regarding compaction testing conducted 6 weeks before trial and disclosed to Plaintiff. Mr. Berning was unable to test compaction earlier because the ground was too wet.  Mr. Berning's 200 penetrometer readings corroborated his earlier observations and would have rebutted deJoia's testimony.

Objection No. 6 - The Commission failed to reconcile the condition of the easement that they observed on the site visit versus their findings regarding no losses in productivity.  The site viewing showed stunted corn in the easement, ponding and subsidence over the pipeline -- all evidence of inadequate restoration which is not addressed.

Objection No. 7 - Mr. Berning testified that pre-construction contours had not been restored and topsoil was necessary to even the grade. Mr. deJoia never testified about uneven grade - and therefore, the Commissioners had no choice but to adopt Berning's testimony which they failed to do.

Objection No. 8 - The Commission report failed to take into account that there is no easement agreement and that as Russell English testified, rights granted could be retracted at any time - which would reinforce Donna Howard's testimony regarding impacts to access.

Objection No. 9 - The Commission erred in relying on testimony by the tenant farmer. The farmer is not the owner of the property and was not concerned with the effect of the easement on the value of the property to future buyers, but only on his short term ability to farm.

Objection No. 10 - The Commission erred in comparing productivity of the field in 2018 and 2020 when there are many factors that may account for a change. The Commission failed to consider that output in 2020 -- though greater than 2018 -- could have been far greater but for the pipeline and Spire's flawed and inadequate restoration.

Objection No. 11 - The Commission erred in believing deJoia's testimony that floods of 2019 caused drainage issues. Mr. Berning testified that if the flooding had been responsible for impacts, it would have been visible on areas outside the easement which was not the case.

Objection No. 12 - Although Defendants believe that the Commission should have awarded a minimum of $100,000 for cost to cure (based on excluded evidence) and some amount for diminution in value, even applying the Commission's approach, the judgment should be higher.  Specifically, the Commission found impacts to the temporary easement of $8720 for two years ($4360/year).  However, the temporary easement lasted three years so damage for the temporary easement should have been $13,080.

Objection No. 13 - The Commission erred by effectively finding zero damages to the remainder in light of all of the evidence presented. The Commission was not required to adopt Ms. Howard's 23 percent reduction but could have determined a lesser diminution in value given

the disruption of the easement, impact on soils and location in the middle of the property per Ms. Howard's testimony.

The Commission decision resulted from erroneous rulings by this Court on admission of evidence, does not fully reflect the evidence presented and is clearly erroneous. More importantly, the Commission's award has no relevance if the award is vacated because many of the court's rulings on admissibility of evidence (or lack thereof) assumed that this is a just compensation case and not a trespass/damages case which will be the case once the certificate is vacated. For that reason, Defendants reiterate their request to stay this proceeding pending a decision by this court (and potentially an appellate court) on the motion to vacate the condemnation order and dissolve the injunction.

Respectfully submitted,
/s/ *Carolyn Elefant*
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Carolyn Elefant, certify that on this 16th day of July 2021 I caused the foregoing Notice of Rule 30(b)(6) Deposition to be served by electronic mail to the following:

David T. Hamilton#28166
Jared Howell#67332
Hamilton Weber LLC
200 North Third Street
St. Charles, MO  63301
T: (636) 947-4700

E: dhamilton@hamiltonweber.com
E: jhowell@hamiltonweber.com
Attorneys for Plaintiff Spire STL Pipeline

    Carolyn Elefant, *pro hac vice*
    Law Offices of Carolyn Elefant, PLLC
    1440 G Street, NW, 8th Floor
    Washington, D.C. 20005
    T: (202) 297-6100
    E: Carolyn@carolynelefant.com
    Attorney for Defendant