UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
| | ) |
| Plaintiff, | ) Cons. Case No.: 4:18-cv-01327 |
| | ) |
| | ) THIS DOCUMENT APPLIES TO |
| | ) CASE: (4:18-CV-01344) |
| 3.31 ACRES OF LAND, MORE OR LESS, | ) Tract No. MO-SC 312.000 |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' OBJECTION**

Plaintiff Spire STL Pipeline LLC ("Spire") requests this Court to adopt the Commissioners' Report (Doc. 624) and submits this Memorandum in Opposition to Defendants' "Objection and Response to Commissioner Report" (Doc. 626).

**INTRODUCTION**

The Court held an evidentiary hearing on June 21-25, 2021, which all Commissioners attended in-person or remotely.

On July 13, 2021, the Commissioners issued a Report of the Commission to Determine Just Compensation ("Report"). Based on the evidence presented by the parties, the Commission determined the reasonable value of the total just compensation for the taking by Spire of the permanent and temporary easements is $23,750.00.

The Report is well reasoned, clear and supported by citations to the evidence in this case. Spire, therefore, requests the Court to adopt the Report and overrule Defendants' objections.

## STANDARD

Pursuant to Fed. R. Civ. P. 71.1(h)(2)(D), the Commissioners have the powers of a special master under Fed. R. Civ. P. 53(c). This Court, therefore, decides *de novo* all objections to findings of fact and conclusions of law made or recommended by the Commission. Fed. R. Civ. P. 53(f)(3), (4); Fed. R. Civ. P. 71.1(h)(2)(D); *see also Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*, 734 F.3d 424, 429 (6th Cir. 2013). However, determining the credibility of witnesses and the weight to be given to their testimony are functions of the Commission and "it [is] not the function of the district judge . . . to try the case de novo . . . ." *United States v. 403.14 Acres of Land*, 553 F.2d 565, 570 (8th Cir. 1977).

Further, the Commissioners "need not make detailed findings such as judges do who try a case without a jury[,]" but they must "reveal the reasoning they used in deciding on a particular award, what standard they tr[ied] to follow, which line of testimony they adopt[ed], what measure of severance damages they use[d], and so on." *U.S. v. Merz*, 376 U.S. 192, 198 (1964). In short, "[t]he path followed by the commissioners in reaching the amount of the award" must be "distinctly marked." *Id.* at 199.

"If the condemnation commission distinctly marks the path it follows in making a specific compensation award, and if the district court adopts the commission's report, the court of appeals must determine whether the report, as adopted by the district court, is 'clearly erroneous.'" *United States v. 9.20 Acres of Land*, 638 F.2d 1123, 1126 (8th Cir. 1981) (citing *Merz*, 376 U.S. at 199); *see also* Fed. R. Civ. P. 71.1(h) (Commission's findings have effect of a special master's report under Fed. R. Civ. P. 53(e)(2) (report reviewed for clear error)). The burden of showing the Report to be clearly erroneous is on the party attacking the conclusions. *United States v. Certain Land Situated in Ripley, Stoddard and Butler Counties, Mo.*, 109 F. Supp. 618, 621 (E.D. Mo. 1952).

2

## DISCUSSION

**Response to Objection 1:**

Defendants claim error because all Commissioners signed the Report, including the two alternative Commissioners. Defendants cite *Rover Pipeline LLC v. Rover Tract No. PA WA HL-004.500T*, 813 Fed. Appx. 740 (3rd Cir. 2020) claiming, "the participation of five Commissioners taints the ruling and is clear error and grounds for reversing the entire decision." Objection, p. 2. However, the ***sole issue*** in *Rover* was whether the Commissioners erred by identifying the wrong highest and best use of the property and, therefore, overestimated the property's pre-taking value. *Id.* at 744. Defendants' reliance on *Rover* is misplaced and does not support the objection asserted. Moreover, even assuming an alternative Commissioner participated in the deliberations, the findings and conclusions contained in the Report were ***unanimous*** and therefore does not affect the outcome of this proceeding.

**Response to Objection 2:**

Defendants claim the Commission "erred in failing to find cost to cure damages related to the lost cubic yards of topsoil." Objection, p. 2. In connection with the objection, Defendants fault the Court for excluding the topsoil estimate. *Id.* Defendants suggest that had the topsoil estimate been admitted, "the Commissioners would have found cost to cure damages in excess of $100,000." *Id.*

As a preliminary matter, the decision to exclude evidence is within the sound discretion of the court and is reviewed for abuse of discretion. *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 757 (8th Cir. 1995); *Transcon. Gas Pipe Line Co. v. 1.84 Acres*, 2020 U.S. Dist. LEXIS 254808, n. 7 (N. Ga. May 22, 2020). As the proponent of the evidence, Defendants have the burden to prove

3

admissibility in accordance with the Federal Rules of Evidence. Defendants failed to carry their burden, and the Court's decision to exclude the topsoil estimate was proper.

More to the point, Defendants' objection lacks merit because the Commission rejected Mr. Berning's testimony relating to alleged soil compaction, topsoil loss, topsoil missing and soil drainage, and found Mr. DeJoia's report and testimony more credible on these issues. *See* Report, p. 7-9 [Doc. 624]. Indeed, even *if* the Commission heard evidence relating to the cost of topsoil, the Commission found that both soil experts confirmed the chemical and physical properties of the soil within the right-of-way was within acceptable limits and would not affect crop productivity. *Id.* at p. 8. Thus, the Commission specifically determined no award for restoration or repair of the right-of-way was warranted based on the evidence. *Id.* at p. 10.

**Response to Objection 3:**

Defendants claim error because the Commission "did not mention the testimony of Nate Laps at all." Objection, p. 3.

Defendants' contention that the Commission should have at least referenced Mr. Laps in the Report falls flat as the plain language of the Report meticulously describes that the Commission's ultimate opinion of just compensation was based on all of the testimony and evidence presented by the parties. *See* Report, p. 1 ("After consideration of the testimony, the exhibits offered into evidence, and the arguments of counsel for both parties, the Commission makes the following findings in accordance with Rule 71.1(h)(2)(D)."). Indeed, the Commission valued the permanent easement in accordance with Defendants' appraiser. Report, p. 3.

Moreover, in federal condemnation proceedings under Rule 71.1, not "every contested issue raised on the record before the commission must be resolved by a separate finding of fact," nor should there be "an array of findings of subsidiary facts to demonstrate that the ultimate finding

4

of value is soundly and legally based." *United States v. Merz*, 376 U.S. 192, 199, 84 S. Ct. 639, 643 (1964). Further, there is no requirement that a Commission's report "be perfect in form or structure or that it be immune from all criticism that can be advanced by diligent counsel dissatisfied with the result reached by the commission." *United States v. 403.14 Acres of Land*, 553 F.2d 565, 570 (8th Cir. 1977). Rather, the Commission need only "reveal the reasoning they used in deciding on a particular award," and the evidence the Commission relied on to support the award. *Merz*, 376 U.S. at 198-99.

The Commission complied with the standard in determining just compensation owed to Defendants.

**Response to Objection 4:**

Defendants claim error because the Commission found Mr. DeJoia's testimony more credible than Mr. Berning. Objection, p. 3.

The Eighth Circuit has explained that in condemnation proceedings, it is "not the function of the district judge nor is it our function to try the case de novo or to weigh questions of the credibility of witnesses or the weight to be given to their testimony. Those were the functions of the Commission, and its findings must be accepted unless clearly erroneous." *United States v. 403.14 Acres of Land*, 553 F.2d 565, 570 (8th Cir. 1977); *United States v. 9.20 Acres of Land*, 638 F.2d 1123, 1126 (8th Cir. 1981).

The Court tasked the Commission with the duty to determine the credibility of the witnesses. *See* Commission Instruction No. 9. Further, in deciding how much weight to give an expert's opinion, the Court instructed the Commission to consider, among other things, the witness' qualifications and how he or she reached his or her conclusion. *See* Commission Instruction No. 10. In their Report, the Commission articulated detailed credibility findings with

5

regard to Mr. Berning and Mr. DeJoia. *See e.g.*, Report, p. 10. The Commission found Mr. DeJoia "highly qualified" based on the various articles and studies he published, as well as his extensive experience involving pipeline reclamation projections. *Id.*

The Commission's decision to place greater weight on Mr. DeJoia's opinions was not clearly erroneous based on all the evidence.

**Response to Objection 5:**

Defendants contend the Commission's finding with regard to compaction was error. Objection, p. 3. Defendants do not challenge any factual finding made by the Commission in support of this objection. Rather, Defendants fault the Court for excluding Mr. Berning's supplemental report due to its late disclosure, which purportedly showed compaction within the right-of-way based on Mr. Berning's inspection conducted a month prior to trial.

Defendants articulate no justification for the late disclosure, nor do Defendants advance any argument that the late disclosure was harmless. On the contrary, and as the Court determined during the final pre-trial conference and during the evidentiary hearing, Defendants disclosed Mr. Berning's supplemental report late without justification and the delay was not harmless because the disclosure was made shortly before trial, preventing Spire and Spire's soils expert from examining, analyzing and rebutting the new opinions. Thus, and for all the reasons stated on the record, the Court's exclusion of the supplemental report was proper. *See e.g., Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (holding the district court did not abuse its discretion by excluding the testimony of a medical expert whose supplemental opinions were disclosed two and a half weeks before trial—a trial setting that had been postponed numerous times); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (holding no abuse of discretion by excluding

6

the plaintiff's only expert, a metallurgist, in a products liability case where plaintiff's disclosure was 60 days late).

**Response to Objection 6:**

Defendants claim the Commission "failed to reconcile the condition of the easement that they observed on the site visit versus their findings regarding no losses in productivity." Objection, p. 3. Defendants suggest the site visit showed "stunted corn in the easement, ponding and subsidence of the pipeline," that the Commission failed to address.

As a preliminary matter, this Court made it clear that "the view of the premises is not evidence. Rather, it is solely for the purpose of enabling the Commission to better understand the evidence offered by the parties." *See* Commission Instructions No. E. Thus, the Commission was under no duty to "reconcile" their observations during the site inspection with the evidence presented by the parties.

Moreover, although the Commission took into consideration the crop yields for 2020 and found that the yields "were equal to or slightly greater than the crop yields for 2018," *see* Report, p. 11, Defendants presented no evidence of crop loss in 2019 or 2020, and the Court excluded evidence of future crop loss. Thus, even *if* the Commission was required to "reconcile" what they observed during site inspection to the evidence presented at trial, there was no evidence presented by Defendants of crop loss. And, as discussed above, the standard of review does not require the Commission to include findings on every potential issue of fact tangentially related to the case in its Report.

7

**Response to Objection 7:**

Defendants contend the Commission failed to credit Mr. Berning's opinion that pre-construction contours had not been restored and topsoil was necessary to even the grade. Objection, p. 3.

Contrary to Defendants' assertion, the Commission was thorough in its analysis of the evidence. Again, not "every contested issue raised on the record before the commission must be resolved by a separate finding of fact," nor should there be "an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based." *United States v. Merz*, 376 U.S. 192, 199, 84 S. Ct. 639, 643 (1964). After carefully considering the reports and testimony by Mr. Berning and Mr. DeJoia, the Commission determined "that the qualifications and experience of Mr. DeJoia were a better match for the subject matter in this case than those of Mr. Berning, and therefore the opinions and expert testimony of Mr. DeJoia are entitled to greater weight in this case." *Id.* at p. 10. Thus, the Commission determined Defendants failed to present substantial evidence that the pipeline affected the soil quality and characteristics on the subject parcel, and properly found no restoration damages. The Report is well reasoned, clear and supported by substantial evidence.

**Response to Objection 8:**

Defendants claim the Commission failed to take into consideration that there was no easement agreement between the parties and, therefore, Spire could retract the rights granted to the landowner at any time, which purportedly "reinforced" Ms. Howard's testimony regarding impact to access. Objection, p. 4.

Defendants' objection lacks merit for a number of reasons.

First, Ms. Howard's opinion of damage to the remainder ***was not*** based on the hypothetical scenario in which Spire could at some point in the future restrict the landowner from

8

farming over the right-of-way. Rather, Ms. Howard's opinion of inadequate access was based on the landowner allegedly not being able to cross the access road at various points during and after construction due to alleged drainage problems within the right-of-way. The Commission did not find Ms. Howard's testimony credible. *See* Report, p. 5-7.

Second, the Commission properly considered the testimony of Mr. Simon on the issue of access. The Commission found, based on Mr. Simon's testimony, that he could in fact "successfully access all portions of the property for farming purposes, both from the access road off of Portage Road and from Highway 94." Report, p. 11.

The Commission's decision to discredit Ms. Howard's opinion of inadequate access was not clearly erroneous.

**Response to Objection 9:**

Defendants assert the Commission erred in relying on the testimony of Mr. Simon, the tenant farmer, who has farmed the general area for over thirty years.

Mr. Simon's testimony contradicted several of Defendants' claims made throughout the proceeding, such as Defendants' claim of inadequate access, and the Commission was fully within its authority to consider Mr. Simon's testimony in determining just compensation owed to Defendants. The fact Defendants did not like Mr. Simon's testimony is not grounds to set aside the Report. Defendants have failed to present any credible argument demonstrating that the Commission's decision to consider Mr. Simon's testimony was clearly erroneous.

**Response to Objection 10:**

Defendants contend the Commission erred in comparing the 2018 crop yields to the 2020 crop yields, claiming the Commission failed to consider that output in 2020 could have been far greater "but for" the pipeline and Spire's alleged inadequate restoration. Objection, p. 4.

9

The Commission heard evidence that the farmer (i.e., Mr. Simon) did not plant the right-of-way in 2020 because Defendants told him to abstain from farming the right-of-way—presumably at the direction of Mr. Laps. Mr. Simon testified he disagreed with this directive and was "frustrated" he could not plant the right-of-way in 2020. Since he did not plant the right-of-way in 2020, it would have been pure speculation for the Commission to consider what the yields may or may not have been in the right-of-way for calendar year 2020. Defendants' decision to follow Mr. Laps' directive to not plant the right-of-way was theirs, and theirs alone.

Defendants have failed to present any argument demonstrating that the Commission's decision to consider the property's crop yield records was clearly erroneous.

**Response to Objection 11:**

Defendants claim the Commission erred in believing Mr. DeJoia's testimony that floods from 2019 caused drainage issues. Objection, p. 4. Defendants' objection lacks merit. As explained above, the Commission's decision to accord Mr. DeJoia's opinions greater weight was not clearly erroneous based on all the evidence. In addition, Mr. Berning's testimony was contradicted by the testimony of Mr. Simon, and the Commission's decision to discredit Mr. Berning on this issue was proper.

**Response to Objection 12:**

Defendants claim the Commission should have found damage to the temporary easements of $13,080 because the temporary easements lasted three years. Objection, p. 4. Defendants' objection lacks merit because Defendants' own expert, Ms. Howard, testified she valued the temporary easements at two years. The Parties' appraisers testified to the approach they used in arriving at their respective valuations and the applicable formula the Commission could apply in determining the value of the temporary easements, and there is no dispute the Commission

applied the formula. *See* Report, p. 5.  Thus, there is ample record to support the Commission's ascribed value.

**Response to Objection 13:**

Defendants contend the Commission erred in finding no damage to the remainder. Objection, pp. 4-5.  This objection is a nonstarter.  The Commission considered, but correctly rejected Ms. Howard's conclusion of damage to the remainder.  Report, pp. 4-5. The Commission's Report specifically identified multiple concessions made by Ms. Howard on cross-examination, and the Report was very thorough on this issue.  *Id.* at pp. 5-6. Defendants have failed to present any argument demonstrating that the Commission's decision to reject Ms. Howard's opinion of damage to the remainder was clearly erroneous.

## CONCLUSION

For the reasons stated herein, Spire respectfully prays that the Court overrule Defendants' objections to the Report, adopt the Report in full, and grant such additional relief to Spire as is just and proper under the circumstances.

Respectfully submitted,

HAMILTON WEBER LLC

/s/ David T. Hamilton
David T. Hamilton     #28166MO
John H. Kilper          #60997MO
Jared D. Howell        #67332MO
200 North Third Street
St. Charles, MO  63301
Office: (636) 947-4700
Fax: (636) 947-1743
dhamilton@hamiltonweber.com
jkilper@hamiltonweber.com
jhowell@hamiltonweber.com

ATTORNEYS FOR PLAINTIFF
*Spire STL Pipeline*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 21st day of July 2021, by means of Notice of Electronic Filing pursuant to Fed. R. Civ. P. 5(b)(2)(E), to:

Carolyn Elefant, Esq. *pro hac vice*
1440 G Street, NW
Washington, DC 20005
Carolyn@carolynelefant.com
*Counsel for Defendant Schaeffer*

                                        /s/ David T. Hamilton