UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC | ) | |
| | ) | |
| Plaintiff | ) | Cons Case No. 4:18-CV-01327 |
| | ) | |
| vs. | ) | THIS DOCUMENT APPLIES TO |
| | ) | ALL CASES AND TRACTS |
| 3.31 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATED IN ST. CHARLES COUNTY, | ) | |
| STATE OF MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION FOR RELIEF [DOC. 625]

Plaintiff, Spire STL Pipeline LLC ("Spire"), submits its Response in Opposition to Defendants' Motion for Relief filed as Doc. 625.

## ARGUMENT

I.   **Defendants' Motion is Without Merit and Should Be Denied**

The entirety of Defendants' Motion for Relief is premised on an incorrect argument that Spire's Certificate granted by the Federal Energy Regulatory Commission ("FERC") to construct, operate, and maintain the pipeline is no longer valid.  As was discussed on the record prior to the Commission hearing involving the Schaeffer tract, the hearing before the Court on July 22, 2021, and as will be discussed below, the opinion by the United States Court of Appeals for the District of Columbia ("DC Circuit") in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, *is not final.* Defendants' request to vacate the Order of Condemnation, dissolve the preliminary injunction, and place all the just compensation hearings on hold is without merit.

By order dated June 22, 2021, the DC Circuit issued its opinion vacating Spire's Certificate and remanding to FERC for further proceedings. However, pursuant to DC Circuit

Rule 35(a), Spire (and any other respondent in the DC Circuit proceeding) has 45 days from June 22, 2021 (i.e., August 6, 2021) within which to file a Petition for Panel Rehearing or Rehearing En Banc.  The mandate from the DC Circuit will not issue until seven (7) days after the time to file a petition expires, or within seven (7) days after entry of an order denying a timely petition for panel rehearing, petition for hearing en banc, or motion for stay of mandate, whichever is later.  *See* Fed. R. App. P. 41 and DC Circuit Rule 41.  Spire will be exercising its right to seek rehearing as provided by the Rules by filing an appropriate petition on or before August 6, 2021.  Only if Spire's petition(s) are denied will the Clerk of the Court then issue an order remanding the matter to FERC for further action.  Moreover, FERC and/or Spire could choose to petition the United States Supreme Court to hear the matter on an emergency basis.

Until the DC Circuit issues the mandate, Spire's Certificate remains in effect and the allegations of the Complaint filed on August 15, 2018, as amended, regarding this Court's jurisdiction are accurate and permit this Court to proceed with the hearing on just compensation due to Defendants. *See* Complaint, ¶¶ 5, 8-10.  This is because "'[u]ntil the mandate issues, ***an appellate judgment is not final***, the decision reached in the opinion may be revised by the panel, or reconsidered by the en banc court, or *certiorari* may be granted by the Supreme Court.'"  *Sabal Trail Transmission, LLC v. Lasseter*, 823 Fed. Appx. 914, 918 (11th Cir. 2020) (quoting *Flagship Marine Servs., Inc. v. Belcher Towing Co.*, 23 F.3d 341, 342 (11th Cir. 1994)) (emphasis added); *see also Bliss v. Lockhart*, No. 90-2144, 1990 U.S. App. LEXIS 23152, at *2 (8th Cir. Dec. 26, 1990) (holding the appeal process terminates when the appellate court issues its mandate); 15 U.S.C. § 717r(c) (the commencement of judicial proceedings "shall not, unless specifically ordered by the court, operate as a stay on the Commission's order.").

The Eleventh Circuit's discussion in *Sabal Trail Transmission, LLC* is instructive.  In *Sabal Trail Transmission*, FERC issued Sabal Trail Transmission, LLC ("Sabal") a certificate of public convenience and necessity to construct and operate a natural gas pipeline.  823 Fed. Appx at 916. Like Spire, Sabal filed an action to condemn the easements needed to construct the pipeline, and the District Court granted Sabal immediate possession to begin construction.  *Id*.  At the same time, landowners and environmental groups challenged FERC's issuance of the certificate to Sabal.  *Id*.

In August 2017, the DC Circuit issued its opinion vacating Sabal's certificate and remanded to FERC for further consideration.  *Id*.  The DC Circuit stayed the issuance of the mandate to allow FERC to issue a new certificate to Sabal after preparing additional environmental impact statements that the DC Circuit found were lacking in the initial certificate.  *Id*. FERC subsequently issued a renewed certificate to Sabal that included the required findings, and two weeks later, the DC Circuit issued its mandate directed to the initial certificate.  *Id*.

After the DC Circuit issued its opinion vacating the initial certificate, but before FERC issued a new certificate, a number of the defendant-landowners moved to dismiss the condemnation cases, contending Sabal lacked authority to maintain those cases without a certificate.  *Id*.  The District Court denied the motion, finding Sabal never lacked authority because FERC entered its order granting the renewed certificate before the mandate issued. *Id*. The condemnation cases proceeded to trial to determine just compensation and some of the landowners appealed, asserting the District Court erred in not dismissing the condemnation proceedings.  *Id*. at 918.  The Eleventh Circuit held the District Court ***correctly denied*** the landowners' attempt to dismiss the condemnation proceedings, reasoning that the DC Circuit's

opinion alone did not make Sabal's certificate legally inoperative, and Sabal never lacked authority to maintain the condemnation actions because FERC subsequently issued a renewed certificate before the mandate. *Id.*

As in *Sabal Trail Transmission, LLC*, Spire will be exercising its right to request further review and/or action as provided by the Federal Rules of Appellate Procedure and the DC Circuit's Local Rules. The outcome of these efforts whether before the DC Circuit, the Supreme Court, and/or FERC cannot possibly be known at this time. Although Defendants believe "Spire stands no chance" at salvaging its Certificate, there are numerous ways the DC Circuit-related litigation may ultimately be resolved and *Sabal Trail Transmission, LLC* serves as an example of why Defendants' Motion to Vacate is without merit.

What is certain at this juncture is that Spire's Certificate remains in effect unless and until the DC Circuit issues the mandate. Defendants' request for relief under Fed. R. Civ. P. 60(b)(5) is therefore unfounded. Further, in this Court's Report and Recommendation issued on November 26, 2018, this Court sustained Spire's request for preliminary injunctive relief, and issued an Order of Condemnation, declaring that Spire has the authority under the Natural Gas Act, 15 U.S.C. § 717f(h) ("NGA") to condemn the subject parcels, and granted Spire the authority to take physical possession of the subject parcels to construct and operate the pipeline. *See* Doc. 222. The District Court affirmed this Court's Report and Recommendation on December 12, 2018. *See* Doc. 235; *see also* Doc. 303 and Doc. 308 (March 5, 2019 Report and Recommendation and March 15, 2019 order affirming Report and Recommendation, respectively). Contrary to Defendants' assertions, issuance of the DC Circuit's opinion alone does not qualify as a change in circumstances that warrant any reconsideration of the prior Orders granting Spire's preliminary injunction requests under Fed. R. Civ. P. 60(b)(5).

Moreover, Defendants' claim that permitting Spire to "retain possession of the property" places the landowners' Fifth Amendment rights at risk is wholly without merit.  As Defendants acknowledge on page 12 of their Motion, this Court currently retains and will continue to retain jurisdiction over these matters.  Specifically, Rule 71.1 provides, in relevant part:

> At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property.  *But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken*.

Fed. R. Civ. P. 71.1(i)(C) (emphasis supplied).

Thus, just compensation due pursuant to the Fifth Amendment associated with the taking of the permanent and temporary easements and installation of the pipeline is due to the landowners regardless of the ultimate outcome before the DC Circuit.

<u>CONCLUSION</u>

The DC Circuit's opinion in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, **is not final**, and will not be final until the mandate is issued.  *Sabal Trail Transmission, LLC* demonstrates why Defendants' request that the Court take the drastic measures of vacating the Order of Condemnation, dissolving the injunctions, and ejecting Spire from the landowners' properties before the DC Circuit's mandate has even issued is without merit.  Spire therefore respectfully requests the Court deny Defendants' Motion to Vacate and permit the just compensation hearings to proceed.

Respectfully submitted,

HAMITON WEBER LLC

/s/ David T. Hamilton
David T. Hamilton          #28166
John H. Kilper             #60992
Jared D. Howell            #67332
200 North Third Street
St. Charles, MO 63301
(636) 947-4700 (Phone)
(636) 947-1743 (Facsimile)
dhamilton@hamiltonweber.com
jhowell@hamiltonweber.com
jkilper@hamiltonweber.com

ATTORNEYS FOR PLAINTIFF
*Spire STL Pipeline*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 28th day of July, 2021, by Notice of Electronic Filing pursuant to Fed.R.Civ.P. 5(b)(2)(E), to:

Jordan Walker, Esq.
Sever Storey, LLP
881 3rd Avenue SW, Suite 101
Carmel, IN  46032
Jordan@landownerattorneys.com
*Counsel for Defendants*
*William W. Kaufmann and Donna*
*Kaufmann Trust Dated Mar 4, 2017, et al.*

Carolyn Elefant, Esq. *pro hac vice*
1440 G Street, NW
Washington, DC 20005
Carolyn@carolynelefant.com
*Counsel for Defendants Dennis H. Schaeffer Trust*
*Dated March 2, 1995 et al.*

/s/ David T. Hamilton

6