UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, | ) | |
| | ) | Consolidated Action |
| Plaintiff, | ) | No. 4:18 CV 1327 DDN |
| | ) | |
| v. | ) | |
| | ) | No. 4:18 CV 1344 |
| 3.31 ACRES OF LAND, *et al.*, | ) | Schaeffer Tract |
| | ) | Tract No. MO-SC 312.000 |
| Defendants. | ) | |

**MEMORANDUM AND ORDER REGARDING
DEFENDANTS' OBJECTIONS AND RESPONSE
TO COMMISSIONERS' REPORT**

This action is before the Court on landowner-defendants Dennis H. and Virginia A. Schaeffer and the Schaeffer Trusts' objections and response to the Commissioners' Report of Just Compensation for the taking of their property by eminent domain. (Doc. 625, 626). For the following reasons, the objections are OVERRULED and the Report is ADOPTED in full.

**BACKGROUND**

Under the Natural Gas Act, 15 U.S.C. § 717f(h), plaintiff Spire STL Pipeline LLC has acquired by eminent domain easements on parcels of defendants' real estate for its construction of a 65-mile natural gas pipeline. The pipeline, now constructed, extends from the Rockies Express Pipeline in Scott County, Illinois, south through St. Charles County and St. Louis County, Missouri, and terminates at the Enable Mississippi River Transmission Line in St. Louis County, in this judicial district.

The Court has established a Commission to receive and consider evidence of the compensation due defendants for plaintiff's taking of the easements for the pipeline construction. The Court held its evidentiary hearing on June 21 through 25, 2021, which

all Commissioners attended in-person or remotely. The Commission filed its report with the Court on July 12, 2021. (Doc. 623.) The Commission found that the reasonable value of total just compensation is $23,7500, and that defendants are not entitled to any cost to cure. (*Id*. at 12.)

## RELEVANT PRINCIPLES

The use of "expert juries," originally composed of merchants, stretches as far back as fourteenth century England. Lochlan F. Shelfer, Special Juries in the Supreme Court, 123 YALE L.J. 208, 213 (2011). Expert juries served as "sophisticated fact finders whose expertise assisted [the bench] in understanding the complex facts underlying difficult cases." *Id*. at 214. The contemporary analogues to English expert juries are Commissions appointed pursuant to Fed. R. Civ. P. 71.1(h)(2)(D).

Pursuant to Rule 71.1(h)(2)(D), the Commission has the powers of a master under Fed. R. Civ. P. Rule 53(c). It is not the function of the Court "to try the case de novo or to weigh questions of the credibility of witnesses or the weight to be given to their testimony." *United States v. 403.13 Acres of Land, More or Less, in St. Clair County, State of Mo.*, 553 F.2d 565, 570 (8th Cir. 1977). Rather, "those [are] the functions of the Commission, and its findings must be accepted unless clearly erroneous." *Id*.

The Commission's Report "should be sufficiently detailed to show that the commission understood the legal issues before it and the correct legal rules to be applied in determining just compensation." *Id*. at 569. "The commissioners need not make detailed findings such as judges do who try a case without a jury." *United States v. Merz*, 376 U.S. 192, 198 (1964). "[N]ot . . . every contested issue raised on the record before the commission must be resolved by a separate finding of fact." *Id*. at 199. "The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked." *Id*. The report "should show the reasoning the commission employed in reaching its decision as to the amount of the award[,] and it should show the standard followed by the commission, the line of testimony adopted, and other pertinent decisional factors." *403.13 Acres of Land*, 553 F.2d at 569.

## DISCUSSION

Defendants make the following 13 objections to the Commissioners' Report.

**Objection 1**

Defendants contend that the signatures of all five Commissioners, including the two alternate Commissioners, on the report taint the report and are clearly erroneous. (Doc. 626 at 2.)

"The court may appoint up to two additional persons to serve as alternate commissioners to hear the case and replace commissioners who, before a decision is filed, the court finds unable or disqualified to perform their duties." Fed. R. Civ. P. 71.1(H)(2)(B). As defendants' objection notes, the decision of the Commissioners was unanimous, and there is no indication in the report than an alternate Commissioner unduly influenced the Commissioners' findings. Therefore, the signatures of the two alternate Commissioners on the report do not constitute clear error.

Accordingly, Objection 1 is overruled.

**Objection 2**

Defendants argue that the Commissioners erred by failing to find cost to cure damages related to alleged lost cubic yards of topsoil, and they trace the error to the Court's exclusion of Exhibit D-14 from evidence. (Doc. 626 at 2.) Defendants contend that, had the worksheet been admitted, the Commissioners would have found cost to cure damages in excess of $100,000. (*Id.*)

The exclusion of evidence is within the discretion of the court. *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018). Under the Federal Rules of Evidence, the proponent of the evidence bears the burden of proving admissibility. The Court found that the components of Exhibit D-14 were not verifiable, and defendant's own expert, Gerald Berning, calculated a different volume of topsoil than was included in Exhibit D-14. (Doc. 655 at 77-78.) Because defendants failed to bear their burden, Exhibit D-14 was excluded from evidence. The Commissioners therefore did not clearly err by failing to find cost to cure damages.

Accordingly, Objection 2 is overruled.

**Objection 3**

Defendants object to the absence of the testimony by Mr. Nate Laps in the Commissioner's Report, stating that there is no indication that the evidence was considered by the Commissioners. (Doc. 626 at 3.)

"The commissioners need not make detailed findings such as judges do who try a case without a jury." *Merz*, 376 U.S. at 197. The Commissioners' Report need not discuss every piece of evidence entered into the record. Rather, the Report "should show the reasoning the commission employed in reaching its decision as to the amount of the award[,] and it should show the standard followed by the commission, the line of testimony adopted, and other pertinent decisional factors." *403.13 Acres of Land*, 553 F.2d 565 at 569.

The Commissioners' Report in this case provided detailed findings regarding the Commissioners' reasoning, the standards that they followed, and the lines of testimony that they found most credible. Moreover, the failure to mention the testimony of Mr. Laps in the Commissioners' Report should come as no surprise to defendants. Mr. Laps's testimony was contradicted by defendants' own expert, Mr. Berning. (Doc. 655 at 77.) Therefore, the Commissioners did not err by failing to mention Mr. Laps's testimony in their report.

Accordingly, Objection 3 is overruled.

**Objection 4**

Defendants object to the Commissioners according more weight to the testimony of Mr. DeJoia than to that of Mr. Berning. (Doc. 626 at 3.) Defendants argue that Mr. Berning had more experience and was more objective, as he was not hired by plaintiff to work on the project. (*Id.*)

As noted above, it is not the function of the Court "to try the case de novo or to weigh questions of the credibility of witnesses or the weight to be given to their testimony." *403.13 Acres of Land,* 553 F.2d at 565. As the finders of fact, the Commissioners were entitled to weigh witness credibility. In their report, the Commissioners note that Mr. DeJoia "has published various articles and studies, including a 2011 article titled

'Evaluating Agronomic Characteristics of Surface Soils on a Pipeline Right of Way.'" (Doc. 623 at 10.)  The Commissioners provided detailed findings regarding the credibility of the experts and their reasoning for according greater weight to Mr. DeJoia's testimony.

Accordingly, Objection 4 is overruled.

**Objection 5**

Defendants object to the Commissioners' findings regarding compaction, which defendants argue flowed from the Court's erroneous refusal to allow Mr. Berning to testify regarding compaction testing.  (Doc. 626 at 3.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  Defendants' failure to produce the compaction testing until six weeks before the hearing was neither substantially justified nor harmless.  Defendants have not offered any justification for the late disclosure of Mr. Berning's compaction testing, and the timing of the disclosure was not harmless because it prevented plaintiff from conducting testing to rebut Mr. Berning's assertions.  Moreover, Mr. Berning testified extensively and with specificity regarding the compaction he observed on defendants' land.  (Doc. 655 at 94-113.)  The Commissioners' Report provided reasoning for the findings regarding compaction, and their reasoning is not clearly erroneous.

Accordingly, Objection 5 is overruled.

**Objection 6**

Defendants object to the Commissioners' failure to reconcile the condition of the easement that they personally observed on the site during their physical viewing with their findings regarding loss in productivity.  (Doc. 626 at 3.)

As stated in the Court's instructions to the Commissioners, "[t]he view of the premises is not evidence.  Rather, it is solely for the purpose of enabling the Commission to better understand the evidence offered by the parties."  Court Instructions to the Commission, Sec. E.  As stated above, the Commissioners are not obligated to refer to each piece of evidence in their report.  Even if that were the standard, as stated in the instructions

to the Commissioners, the Commissioners were not to consider their observation of the site as evidence. Because the Court directed the Commissioners not to consider their observation of the site as evidence, the Commissioners were under no obligation to reconcile the condition of the site with any other evidence.

Accordingly, Objection 6 is overruled.

**Objection 7**

Defendants contend that the Commissioners "had no choice" but to adopt Mr. Berning's testimony regarding preconstruction contours, as Mr. DeJoia did not testify to even grade. (Doc. 626 at 3.)

"[N]ot . . . every contested issue raised on the record before the commission must be resolved by a separate finding of fact." *Merz*, 367 U.S. at 199. As stated in their report, the Commissioners considered the reports and testimony of both Mr. DeJoia and Mr. Berning. (Doc. 623 at 10.) The Commissioners' Report found that Mr. Berning's assertions regarding preconstruction drainage patterns were "speculative, and not supported by any study, test, or other evidence presented by defendant[s]." (*Id.*) The Commissioners were not required to make a particular finding regarding preconstruction contours, and they were not obligated to credit the testimony of Mr. Berning in the absence of testimony on the same topic from Mr. DeJoia.

Accordingly, Objection 7 is overruled.

**Objection 8**

Defendants argue that the Commissioners failed to consider that there is no easement agreement and that rights granted could be retracted at any time, reinforcing Donna Howard's testimony regarding impacts to access. (Doc. 626 at 4.)

The Commissioners considered Ms. Howard's testimony but found that Andy Simon, the tenant farmer on the property, was more credible. The Commissioners' Report notes that upon cross-examination, Ms. Howard stated that she "had no knowledge of any access issues relating to the property except for what she had been told by other parties." (Doc. 623 at 6.) She also stated that she was unaware that Mr. Simon could access the property in all areas for farming purposes, and she did not know if the access road was still

inaccessible.  (*Id.*)  The Commissioners provided sound reasoning for crediting Mr. Simon's testimony regarding access to the property over Ms. Howard's.

Accordingly, Objection 8 is overruled.

**Objection 9**

Defendants argue that the Commissioners erred in relying on testimony by Mr. Simon.  (Doc. 626 at 4.)  Defendants contend that Mr. Simon is not concerned with the effect of the easement on the value of the property to future buyers, as he is not the owner of the property.  (*Id.*)

Mr. Simon testified that the property was accessible from Highway 94 as well as from the farm access road, which contradicted the testimony of defendants' appraisal expert, Ms. Howard.  (Doc. 623 at 11.)  The Commissioners found Mr. Simon to be particularly credible, as he is the person who presently farms the property, and he has a business relationship with defendant Schaeffer.  (*Id.*)  As stated above, the Commissioners had the authority to weigh questions of credibility, and their finding as to the credibility of Mr. Simon is not clearly erroneous.

Accordingly, Objection 9 is overruled.

**Objection 10**

Defendants argue that the Commissioners erred in comparing the productivity of the property in 2018 and 2020, as many factors may account for a change in productivity.  (Doc. 626 at 4.)

Mr. Simon testified that he was told by defendants not to plant on the easement area; he did not receive any direction regarding planting on the easement from Spire.  (Doc. 619 at 14.)  Mr. Simon also testified that the farmers of two nearby properties, the Beckmeier farm and the Simon farm, did plant on the easements on their respective properties.  (*Id*. at 16.)  The decision to refrain from planting on the easement, thus affecting productivity of the property, was made by defendants.  The Commissioners did not err in considering the productivity of the property as part of the value of total just compensation and cost to cure.

Accordingly, Objection 10 is overruled.

**Objection 11**

Defendants argue that the Commissioners erred in crediting the testimony of Mr. DeJoia regarding flooding over that of Mr. Berning. (Doc. 626 at 4.)

As noted above, it is not the function of the Court "to try the case de novo or to weigh questions of the credibility of witnesses or the weight to be given to their testimony." *403.13 Acres of Land,* 553 F.2d at 570. As the finders of fact, the Commissioners were entitled to weigh witness credibility. The Commissioners' Report provided the Commissioners' rationale for crediting the testimony of Mr. DeJoia over that of Mr. Berning, stating that Mr. Berning's assertions regarding wet spots and drainage issues are "speculative, and not supported by any study, test, or other evidence presented by defendant[s]." (Doc. 623 at 9.) The Commissioners' finding regarding the credibility of Mr. DeJoia's testimony is supported by evidence in the record and is not clearly erroneous.

Accordingly, Objection 11 is overruled.

**Objection 12**

Defendants argue that, applying the Commissioners' approach, the judgment should have been higher. (Doc. 626 at 4.) Specifically, defendants contend that the temporary easement lasted for three years, not two, so that portion of the judgment should be $13,080 rather than $8,720. (*Id*.)

The Commissioners based their findings regarding just compensation and the term of the easement on testimony from each party's appraisal experts, including testimony from defendants' appraiser, Ms. Howard. Using the experts' testimony, the Commissioners determined that the total just compensation for the temporary and additional temporary workspace easements was $8,720. (Doc. 623 at 3.) The Commissioners appropriately incorporated the experts' testimony into its formula for determining just compensation.

Accordingly, Objection 12 is overruled.

**Objection 13**

Lastly, defendants contend that the Commissioners erred by finding zero damages to the remainder in light of all of the evidence presented. (Doc. 626 at 4.)

The Commissioners considered Ms. Howard's testimony but did not credit it.  The Commissioners found that the testimony of Ms. Howard was not supported by sufficient evidence or investigation, and she "did not offer credible evidence to support a conclusion that the southern remainder of the subject property, 106.33 acres, was damaged by the construction of the pipeline." (Doc. 623 at 7, 11.)  The Commissioners found the appraisal testimony and opinion of Corey Sell to be of greater weight.  The Commissioners' finding is detailed and well-reasoned.

Accordingly, Objection 13 is overruled.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendants' objections (Doc. 626) to the Commissioners' Report are **overruled**.

**IT IS FURTHER ORDERED** that the Report of the Commission to Determine Just Compensation (Doc. 623) is **adopted in full**.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 21, 2021.