**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
| | ) |
| | ) Const. Case No.: 4:18-CV-01327 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 3.31 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI et al; | ) |
| | ) |
| Defendants. | |

**RENEWED MOTION FOR RELIEF UNDER RULE 60(b)(5) AND MEMORANDUM AND TO
STAY PROCEEDING BASED ON UPDATED INFORMATION**

Defendant-Landowners, by and through undersigned counsel, renew their Motion to

Vacate under Federal Rule of Civil Procedure 60(b)(5) and Dissolve the Injunction (Doc. 665),

just denied by the court (Doc. 665) based on a new, intervening development: the Federal Energy

Regulatory Commission's *sua sponte* grant to Spire of a temporary certificate to operate the

project pending the Commission's response to the remand order issued on September 14, 2021.

*See* Temporary Certificate, Attachment 1.  Because the Temporary Certificate, as a matter of law,

displaces the invalidated original certificate upon which this court's condemnation order and

injunctive relief rests, this Court must vacate the injunction and dismiss the condemnation

actions and stay all further proceedings including discovery and hearings on outstanding tracts

and the issuance of a final order on just compensation and transfer of legal title on the Schaeffer

property.  Defendants' Memorandum in support is consolidated with this Motion and set forth

below.

1

# I.   BACKGROUND

On June 22, 2021 (following the first day of the Schaeffer compensation hearing), the D.C. Circuit issued a decision vacating the FERC Certificate for the Spire Pipeline in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016 (D.C. Cir. June 22, 2021). Because this court's condemnation order and injunction granting possession presuppose a valid FERC certificate, on July 14, 2021, all Defendants moved this court for relief from those orders. (Doc. 625).[1]  Spire opposed (Doc. 639) and Defendants replied, pointing out that among other things, Spire failed to disclose that it had sought an emergency certificate from FERC to continue operations.

On September 7, 2021, the D.C. Circuit denied Spire's motion for rehearing *en banc*.  On September 13, 2021, Spire moved the D.C. Circuit to delay issuance of the mandate to allow Spire to petition for certiorari review at the United States Supreme Court.   Spire's motion is pending as of the date of this filing.

On September 14, 2021, FERC *sua sponte* issued a temporary certificate to Spire to continue to operate for 90-days.  *See* Attachment 1.  As will be discussed, the temporary certificate, as a matter of law, supersedes and displaces the originally issued certificate.

On September 21, 2021, this Court denied Defendants' motion to vacate the condemnation order and dissolve the injunction, finding relief premature until the mandate

---

[1]  Because the court's decision issued after the first day of the compensation hearings on Spire, Schaeffers also moved for a continuance of the trial on June 23, 2021 (Doc. 608) which was denied.

issues. Doc. 665.[2] The Court's decision does not mention the award of the temporary certificate issued last week therefore, it is unclear whether the Court was aware of FERC's grant of a temporary certificate or considered the effect of the temporary certificate on the condemnation order and injunction.  Because the temporary certificate is a new event that has bearing on this Court's jurisdiction and Defendants' request for relief, the Defendants renew the motion to vacate the condemnation order and dissolve the injunction.  Specifically, Defendants argue that the temporary certificate supersedes and displaces the original, invalidated certificate.  Therefore, whether or not the mandate has issued, the original certificate -- by dint of FERC's grant of a temporary certificate -- is null and void and cannot serve as the basis for the condemnation order or injunction.

## II.  ARGUMENT

### A.  The Temporary Certificate Supersedes and Displaces the Original Certificate

Both the Natural Gas Act and FERC's regulations make clear that temporary and permanent certificates are mutually exclusive authorizations.   Under the Natural Gas Act, temporary certificates may be issued without a hearing under Section 7(c)(2) while permanent certificates require a hearing and are issued under Section 7(e).  *See* Natural  Gas Act, 15 U.S.C. §717f(c) and §717f(e).  Moreover, the Natural Gas Act, 15 U.S.C. §717f(c) clarifies that that:

> The Commission may issue a temporary certificate in cases of emergency, to assure maintenance of adequate service or to serve particular customers, without notice or hearing, **pending the determination of an application for a certificate.**

---

[2]  For this reason too and as Defendants will argue at the hearing set for September 28, 2021, if the court does not dismiss the condemnation complaints, Defendants oppose Plaintiff's motion to set more condemnation cases for discovery and trial.  Doc. 660.

In other words, the Natural Gas Act authorizes the Commission to issue a temporary certificate only when a permanent certificate is not in place because the Commission has not acted on a pending application.   The Commission's regulations, 18 C.F.R. §157.17 mirrors this language, making clear that the Commission may not issue a temporary certificate unless an application for a certificate is pending and has not yet been granted.

In short, the Commission lacks authority under both the Natural Gas Act and its own regulations to issue a temporary certificate if a permanent certificate is in place.  Because the Commission's orders are presumptively valid, it must be assumed that the Commission itself regards the original certificate as no longer intact.  Indeed, if the Commission *did not* treat the original, permanent certificate as invalid or a nullity, the Commission could not, under its enabling statute and regulations, have issued the temporary certificate to begin with.

A close reading of the Commission's order confirms that the Commission intended the temporary certificate to displace and supersede the original certificate.  The Commission stated that the temporary certificate was intended solely to allow Spire to operate for ninety days to prevent disruption of service while the Commission responds to the D.C. Circuit's remand. Temporary Certificate at P. 8.  By contrast, the original certificate had no restrictions; Spire could operate the project in perpetuity as long as it complied with the terms of the original certificate.

The Commission also imposed new conditions on the temporary certificate - another indication that it supersedes the original certificate.  Specifically, the Commission stated that the temporary certificate prohibits new construction and required Spire to commit to restore impacted properties as a condition of acceptance. Temporary Certificate at P. 8.  In addition, the

Temporary Certificate instructs Spire to affirmatively accept the terms within three days of issuance -- which Spire has done.  The original certificate invalidated by the D.C. Circuit did not include any of these new conditions that now bind Spire - further proof that the temporary certificate is a new authorization that supersedes and  negates the original certificate.

Finally, we could not locate a single case where FERC or its predecessor agency, the Federal Power Commission, granted a temporary certificate while a permanent certificate was still in place.  On at least two occasions, the Commission issued a temporary certificate whereas here, the original certificate had been vacated and pending Commission action on remand.  *See Algonquin Gas Transmission v. Fed. Power Com'n*, 201 F.2d 334 (1st Cir. 1953)(vacating issuance of temporary certificate following invalidation of permanent certificate because of no emergency or need for continuity of service) and *Hunt Oil Company v. Federal Power Commission*, 334 F.2d 474 (5th Cir. 1964)(affirming grant of temporary certificate issued after court remanded certificate to FPC for denying intervention).   Likewise, all of the other temporary certificates we reviewed were issued only when a permanent certificate had not yet been granted.  *See e.g.*, *Emcee Inc.*, 3 FERC ¶61,094 (1978)(issuing temporary certificate while application for permanent certificate is pending);  *United Gas Pipeline* 30 FERC ¶61,202 (1985)(noting that applicant filed for temporary and permanent certificates, and granting temporary certificate pending action on application for permanent), *Texas-Ohio Pipeline*, 69 FERC ¶61,145 (1994)(explaining that "by its very nature, issuance of a temporary certificate **precedes**...issuance of the permanent certificate).  These cases are representative only; there are dozens more.  But that the Commission has never once (that we could discern) in the past forty

years issued a temporary certificate while a permanent certificate was already in place strongly suggests that the Commission lacks authority to do so.

To sum, the Commission cannot by law issue both a temporary and permanent certificate; the two authorizations are mutually exclusive and the Commission only has authority to grant a temporary certificate when a permanent certificate is not already in place.  Therefore, given that the temporary certificate is a presumptively valid FERC action, by definition, the temporary certificate must supersede and displace the original certificate.

**B.    The Condemnation Order and Injunction Cannot Stand Absent the Original Certificate**

In granting the temporary certificate, the Commission itself treated the permanent certificate as  ineffective.  For that reason, whether or not the D.C. Circuit has issued the mandate is no longer relevant.  The temporary certificate and **not** the original certificate is the current source of authority for Spire's short-term authorization to continue to operate and remain on the property.  For that reason (and those argued in Doc. 625), the court's condemnation order and injunction -- which were based on the original certificate -- can no longer stand.

**C.    The Court Must Stay Further Proceedings**

If the court does not dismiss the complaint, at a minimum, it must stay further discovery and condemnation hearings in the pending cases, as well as the entry of final judgment and transfer of legal title in the Schaeffer case.  If Spire is eventually forced to shut down operations, landowners will be entitled to attorneys' fees and trespass damages that are outside the scope of the current condemnation hearings. Moreover, why should Spire - whose certificate has been invalidated (a ruling now affirmed *en banc*)- be afforded the benefit of additional

occupation on the properties while the landowners must shoulder the considerable costs of discovery and hearings?[3]  Delay will not prejudice Spire which has the means to resolve these cases by negotiating with the Defendants which to date, it has not been inclined to do. Meanwhile, Defendant Schaeffer will be irreparably harmed if her property is taken under an infirm certificate.

WHEREFORE, for the foregoing reasons, the Defendants (1) renew their motion for an order to vacate the condemnation order and injunction and (2) request a stay of any future proceedings, including discovery, compensation hearings and transfer of title at least until such time as the mandate is issued.

Respectfully submitted,

/s/ *Carolyn Elefant*
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendants

 AGREED TO BY:
 */s/ Jordan H. Walker*
Illinois Bar No. 6310424
Federal Bar No. 6310424IL
SEVER STOREY, LLP
881 3rd Ave. SW, Suite 101
Carmel, IN  46032
Telephone:  (317) 575-9942
Telefax:  (317) 575-9943
Jordan@landownerattorneys.com

---

[3]  In addition, the court should also take note that this court, and by extension taxpayers, are footing the bill for compensation hearings for takings under a certificate that the D.C. Circuit determined does not serve the public use.  This is not consistent with the public interest.

## CERTIFICATE OF SERVICE

I, Carolyn Elefant, certify that on this 22th day of September, 2021 I caused the foregoing to be served by electronic mail to the following:


David T. Hamilton#28166
Jared Howell#67332
Hamilton Weber LLC
200 North Third Street
St. Charles, MO  63301
T: (636) 947-4700
E: dhamilton@hamiltonweber.com
E: jhowell@hamiltonweber.com
Attorneys for Plaintiff Spire STL Pipeline

Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendant