UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, | ) | Consolidated Action |
| | ) | No. 4:18 CV 1327 DDN |
| Plaintiff, | ) | |
| | ) | No. 4:18 CV 1343 |
| v. | ) | Poggemoeller Tract |
| | ) | Tract No. MO-SC 307.000 |
| 3.31 ACRES OF LAND, *et al.*, | ) | |
| | ) | No. 4:18 CV 1371 |
| Defendants. | ) | Machens Tract |
| | ) | Tract No. MO-SC-330.000 |

**MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S OBJECTIONS AND RESPONSE
TO COMMISSIONERS' REPORTS
AND
<u>DEFENDANTS' RENEWED RULE 60(b)(5) MOTION</u>**

This action is before the Court on (1) plaintiff Spire STL Pipeline LLC's objections and response to the Commission's Reports of Just Compensation for the taking of landowner-defendants Alan and Sharon Poggemoeller's and Kevin and Shelly Machen's parcels of real property, respectively, by eminent domain, and (2) defendant-landowners' renewed motion for relief under Federal Rule of Civil Procedure 60(b)(5). (Doc. 663, 664, 667). For the following reasons, plaintiff's objections are overruled, the Reports are adopted in full, and defendants' renewed motion for relief is denied.

<u>**BACKGROUND**</u>

Under the Natural Gas Act, 15 U.S.C. § 717f(h), plaintiff Spire STL Pipeline LLC acquired by eminent domain easements on parcels of defendants' real estate for its construction of a 65-mile natural gas pipeline. The pipeline, now constructed, extends from the Rockies Express Pipeline in Scott County, Illinois, south through St. Charles County

and St. Louis County, Missouri, and terminates at the Enable Mississippi River Transmission Line in St. Louis County, in this judicial district.

The Court established a Commission to receive and consider evidence of the just compensation due defendants for plaintiff's taking of the easements for the pipeline construction. The Commission hearing for the Schaeffer property was conducted from June 21 to 25, 2021. The Commission filed its Report on July 12, 2021. (Doc. 623.) The Commission joint hearing for both the Poggemoeller tract and Machens tract was conducted from July 26 to 30, 2021. All Commissioners attended both hearings either in-person or remotely.

The Commission filed its report regarding the Poggemoeller tract on September 2, 2021. (Doc. 657.) The Commission found that the reasonable value of total just compensation for the taking of the permanent pipeline easement and market rent for temporary easements is $39,870, and that the just compensation for the loss of value to the remainder is $24,188. (*Id*. at 8.) The Commission also found that the cost to cure damages totaled $30,575.50, which included $28,231 for topsoil to correct uneven surfaces; $1,800 to regrade the right-of-way contours; and $544.50 for post-construction cleanup expenses. (*Id*. at 23-24.) The total just compensation and damages award recommended by the Commission for the Poggemoeller tract is $94,633.50. (*Id*. at 29.)

The Commission filed its report with the Court regarding the Machens tract on September 3, 2021. (Doc. 658.) The Commission found that the reasonable value of total just compensation for the taking of the permanent pipeline easement and market rent for temporary easements is $25,050, and that the just compensation for the loss of value to the remainder is $17,048. (*Id*. at 9.) The Commission also found that the cost to cure damages totaled $16,533.95, which included $14,140 for topsoil to fill holes, low spots, and depressions; $1,800 to regrade the right-of-way contours; and $593.95 for postconstruction cleanup expenses. (*Id*. at 22-23.) The total just compensation and damages award recommended by the Commission for the Machens tract is $58,631.95. (*Id*. at 27.)

## RELEVANT PRINCIPLES

The use of "expert juries," originally composed of merchants, stretches as far back as fourteenth century England. Lochlan F. Shelfer, Special Juries in the Supreme Court, 123 Yale L.J. 208, 213 (2011). Expert juries served as "sophisticated fact finders whose expertise assisted [the bench] in understanding the complex facts underlying difficult cases." *Id*. at 214. The contemporary analogues to English expert juries are Commissions appointed pursuant to Fed. R. Civ. P. 71.1(h)(2)(D).

Pursuant to Rule 71.1(h)(2)(D), the Commission has the powers of a master under Fed. R. Civ. P. Rule 53(c). It is not the function of the Court "to try the case de novo or to weigh questions of the credibility of witnesses or the weight to be given to their testimony." *United States v. 403.13 Acres of Land, More or Less, in St. Clair County, State of Mo.*, 553 F.2d 565, 570 (8th Cir. 1977). Rather, "those [are] the functions of the Commission, and its findings must be accepted unless clearly erroneous." *Id*.

The Commission's Report "should be sufficiently detailed to show that the commission understood the legal issues before it and the correct legal rules to be applied in determining just compensation." *Id*. at 569. "The commissioners need not make detailed findings such as judges do who try a case without a jury." *United States v. Merz*, 376 U.S. 192, 198 (1964). "[N]ot . . . every contested issue raised on the record before the commission must be resolved by a separate finding of fact." *Id*. at 199. "The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked." *Id*. The report "should show the reasoning the commission employed in reaching its decision as to the amount of the award[,] and it should show the standard followed by the commission, the line of testimony adopted, and other pertinent decisional factors." *403.13 Acres of Land*, 553 F.2d at 569.

## DISCUSSION

Plaintiff raises three objections to the Commissioners' Report regarding the Poggemoeller tract and four objections to the Report regarding the Machens tract. Because

plaintiff raises the same arguments to both Reports in Objections 1 through 3, the Court considers them together.

**Objection 1**

Plaintiff objects to the Commission's award of separate cost to cure damages to both defendants, arguing that a separate award of cost to cure damages is inconsistent with Missouri law and that plaintiff has an ongoing obligation to monitor the right-of-way. (Doc. 663 at 2, Doc. 664 at 2.)

"When part of a tract is taken the damages are not limited to such as result from the mere severance of title caused by the taking, but include damages caused by the use of the property for the purpose for which condemnation is made." *Kamo Electric Co-op v. Baker*, 287 S.W.2d 858, 861-62 (Mo. 1956). Plaintiff cites *Kamo Electric* and *Smith v. Woodward* to support its contention that Missouri law prohibits landowners from submitting construction damages as a separate element of damage. *See id*. at 863; 15 S.W.3d 768, 773 (Mo. Ct. App. 2000). The Court disagrees. In *Kamo Electric*, the court concluded that the jury instructions regarding separate damages were erroneous because they relied on speculative future damages. 287 S.W.2d at 864-65. *Smith* is also distinguishable from the case at bar, as that court was concerned only with damages as a result of construction and not just compensation after a taking under eminent domain. 15 S.W.3d at 773. In the instant case, the cost to cure compensates defendants for the damage to their real property as a result of plaintiff's already completed construction, and just compensation compensates defendants for the value of the taking under eminent domain.

As the Court has noted previously, nothing in the FERC record ensures that any of plaintiff's obligations will be fulfilled with respect to the defendants. (Doc. 556 at 16.) While plaintiff's obligations under the FERC certificate are legally enforceable, only the FERC, not defendants, may bring an action in this Court to enforce them. Additionally, the Commission's findings regarding cost to cure do not anticipate damages in the future. In its reports, the Commission noted the Court's instruction that the Commission should consider the condition of the properties only as of the date that the case was submitted for decision-making. (Doc. 657 at 6, Doc. 658 at 6.) Therefore, compensation for cost to cure

is not duplicative of plaintiff's obligations to monitor the right-of-way under the FERC certificate.[1]

In considering the cost to cure, the Commission followed the Court's Instruction V. The Commission did not err in its findings of cost to cure.

Accordingly, Objection 1 is overruled.

**Objection 2**

Plaintiff contends that the Commission's award for loss of value of both tracts is against the weight of evidence, to the extent that the award is based on a finding of evidence of stigma damages. (Doc. 663 at 4, Doc. 664 at 4.)

In reaching its finding, the Commission considered numerous factors that affect market condition, including

> location of the easement across the property, total easement size as a proportion of total parcel size, whether the easement runs through the center of the property or is on the perimeter, or cuts the corner of the property, and the fact that potential buyers understand that a permanent easement takes away some part of complete dominion and control of the easement area from the owner of the property and Spire will have an ongoing right to enter the property should repairs need to be made, and finally, as noted above, any stigma associated with the easement.

(Doc. 657 at 15, fn. 6; Doc. 658 at 15, fn. 6.) The Commission noted that defendants' appraisal expert, Linda Atkinson, relied on several sources for her testimony regarding stigma damages, including area professionals and a 2020 report titled *The Impact of a Natural Gas Pipeline on Property Values*, authored by the Forensic Appraisal Group. (Doc. 657 at 12-13, Doc. 658 at 12-13.) The Commission found that Ms. Atkinson relied on substantial information, not speculation or conjecture, when forming her opinion. (Doc. 657 at 13, Doc. 658 at 13.) The Commission explained its reasoning and did not err in finding loss of value.

---

[1] The temporary FERC certificate, issued on September 14, 2021, obligates plaintiff to continue all restoration activities along the project right-of-way. (Doc. 667, Ex. 1 at 4.) It does not permit plaintiff to engage in any construction or to provide any new service. (*Id.*)

Accordingly, Objection 2 is overruled.

**Objection 3**

Plaintiff objects to the Commission's award of compensation for loss of value in addition to compensation for the value of the permanent easement. (Doc. 663 at 8, Doc. 664 at 8.) Plaintiff argues that the award for loss of value constitutes an impermissible double recovery, allowing defendants to recover twice for the loss of the same rights. (*Id*.)

The Court disagrees. Just compensation "means the full and perfect equivalent in money of the property taken." *Clark v. United States*, 155 F.2d 157, 160 (8th Cir. 1946). In this case, the Commission found that just compensation for defendants' property included compensation for the value of the permanent pipeline easement, total market rent for temporary easements, and loss of value to the remainder. (Doc. 657 at 8, Doc. 658 at 9.) While compensation for the value of the permanent easement applies only to the taking of the easement, the compensation for loss of value refers to the value of the rest of the property. Following the standards set forth in the discussion of Objection 2, the Commission found that the value of the entire property was affected by plaintiff's taking of the permanent easement. (Doc. 657 at 15, fn. 6; Doc. 658 at 15, fn. 6.) Therefore, the Commission did not err in recommending compensation for both the value of the permanent easement and for the loss of value to the remainder.

Accordingly, Objection 3 is overruled.

**Objection 4**

With regard only to the Machens tract, plaintiff objects to the Commission's finding that the stigma of having another pipeline on the tract reduces the value by $400 per acre. (Doc. 664 at 8.) Plaintiff notes that the Commission's finding regarding stigma damages for the Machens tract is double the finding for the Poggemoeller tract, and it argues that the finding is not supported by the record. (*Id*. at 9.)

The report "should show the reasoning the commission employed in reaching its decision as to the amount of the award[,] and it should show the standard followed by the commission, the line of testimony adopted, and other pertinent decisional factors." *403.13 Acres of Land*, 553 F.2d at 569. The Commission provided the standards it followed in

footnote six of both Reports.  (Doc. 657 at 15, Doc. 658 at 15.)  As part of its reasoning for determining loss of value stigma damages for the Machens tract, the Commission considered the ratio of total easement area to total tract area.  (Doc. 658 at 15.)  In the case of the Machens tract, the permanent easement is 1.73 acres, which is 3.90 percent of the total tract area of 44.35 acres.  (*Id*.)  In contrast, the permanent easement area of the Poggemoeller tract is 2.63 acres, which is 2.12 percent of the total tract area of 123.57 acres.  (Doc. 657 at 7, 15.)  The Commission considered 2.12 percent a low ratio of total easement area to total tract area and did not give it weight as a factor detracting from the value of the Poggemoeller tract.  (*Id*. at 15.)  However, when weighing the facts regarding the Machens tract, the Commission gave weight to the ratio of 3.90 percent of easement area to tract area.  (Doc. 658 at 15.)  The Commission provided its standards and rationale for the difference in stigma damages, and the finding is not clearly erroneous.

Accordingly, Objection 4 is overruled.

## **DEFENDANTS' MOTION FOR RELIEF UNDER RULE 60(b)(5)**

Following FERC's issuance of a temporary certificate on September 14, 2021, defendants renew their motion for relief under Federal Rule of Civil Procedure 60(b)(5). (Doc. 667.)  Defendants argue that the temporary certificate supersedes and displaces the original certificate, thereby nullifying the grounds for the Court's condemnation order and injunction.  (*Id*. at 3.)

After reviewing the temporary certificate and the enabling statutes and regulations, the Court concludes that the temporary certificate is a backstop to prevent disruption once the D.C. Circuit issues its mandate.  Neither the temporary certificate nor FERC's enabling statute and regulations suggest that the issuance of a temporary certificate invalidates or supersedes the original FERC certificate.  While plaintiff's FERC certificate remains in effect, this Court will not vacate its condemnation order, dissolve plaintiff's preliminary injunction, or eject plaintiff from defendants' properties.  Therefore, defendants' renewed motion for relief under Rule 60(b)(5) is denied.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's objections to the Commissioners' Report **(Docs. 663, 664) are overruled**.

**IT IS FURTHER ORDERED** that the Reports of the Commission to Determine Just Compensation **(Docs. 657, 658) are adopted in full**.

**IT IS FURTHER ORDERED** that the renewed motion of defendants for relief under Fed. R. Civ. P. 60(b)(5) and to stay **(Doc. 667) is denied**.


                                              /s/ David D. Noce  
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on October 5, 2021.