UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC,   )<br>                                              )<br>            Plaintiff,           )<br>                                              )<br>       v.                            )<br>                                              )<br> 3.31 ACRES OF LAND, *et al.*,    )<br>                                              )<br>            Defendants.       )<br>                                              ) | Consolidated Action<br>No. 4:18 CV 1327 DDN |

## **MEMORANDUM AND ORDER**

This matter is before the Court on several motions:

(a)   defendant landowners' second motion to dismiss case for lack of jurisdiction (Doc. 679) and motion for ruling on second motion to dismiss (Doc. 685);

(b)   plaintiff Spire STL Pipeline LLC's motions for entry of final order and judgment (Docs. 676, 680, 681);

(c)   defendants Virginia Schaeffer and the Schaeffer Trust's motion to alter judgment (Doc. 683); and

(d)   plaintiff's motion to clarify order for alternative dispute resolution (Doc. 693).

## **MOTION TO DISMISS**

Defendants renew their motion to dismiss the condemnation action and dissolve the injunction based on the United States Court of Appeals for the D.C. Circuit's issuance of its mandate on October 8, 2021. (Doc. 679.) They argue that the vacatur of the original Federal Energy Regulatory Commission (FERC) certificate deprives the Court of subject matter jurisdiction over plaintiff's condemnation complaint.

On September 14, 2021, before the D.C. Circuit issued its mandate, FERC issued a "temporary certificate of public convenience and necessity" pursuant to 15 U.S.C. §

717(c)(1)(B). (Doc. 667-1.) The temporary certificate allows plaintiff to continue to operate the facilities "currently in service, under the terms, conditions, and authorizations previously issued." (Doc. 667-1 at 5.) The Natural Gas Act provides:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h). Through its original certificate issued by FERC in 2018 and its current temporary certificate, plaintiff has continuously held a certificate of public convenience and necessity. The Natural Gas Act permits any holder of such a certificate to exercise the right of eminent domain. Therefore, the Court denies defendants' motion to dismiss.

## MOTION TO ALTER JUDGMENT

Defendants Virginia Schaeffer and the Schaeffer Trust move under Federal Rule of Civil Procedure 59(e) to amend or alter the Court's order regarding their objections to the Commission's Report. (Doc. 666.) They renew their arguments that the signatures of all five commissioners is clear error; that the Court erred in excluding evidence; and that the Court should have put the hearing on hold. (*Id.*)

"Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Continental Indemnity Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507-08 (8th Cir. 2018)). "District courts have broad discretion in determining whether to alter or amend judgment." *Id*.

Defendants object to the signatures of all five Commissioners on the report. As the Court discussed in its memorandum and order adopting the Commissioner's Report, the decision of the Commissioners was unanimous, and there is no indication that the alternate Commissioners influenced the Commissioners' findings. (Doc. 666 at 3.) The signatures of the two alternate Commissioners on the report do not constitute manifest error.

Defendants argue that the Court erred in excluding Mr. Berning's compaction tests and the topsoil report. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Defendants did not produce Mr. Berning's compaction testing until six weeks before the evidentiary hearing; the Court finds it unlikely that wet conditions precluded Mr. Berning from conducting the tests until May 2021. Additionally, requiring plaintiff to conduct its own compaction testing so close to the hearing would not have been harmless. The Court excluded the compaction tests because defendants failed to offer a justification for the late disclosure of Mr. Berning's compaction testing, and the timing was not harmless to defendants. The exclusion of the compaction tests is not manifest error.

The exclusion of evidence is within the discretion of the court. *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018). The Court found that the components of the topsoil report, Exhibit D-14, were not verifiable. Additionally, defendants' expert, Mr. Berning, calculated a different volume of topsoil than was indicated in Exhibit D-14. (Doc. 655 at 77-78.) Defendants failed to bear their burden of proving the admissibility of the topsoil report. The exclusion of the topsoil report is not manifest error.

Lastly, defendants argue that the Court erred in permitting the hearing to go forward after the D.C. Circuit's opinion vacating the FERC certificate, as well as in not informing the Commissioners that the certificate was vacated. "Until the mandate issues, an appellate judgment is not final; the decision reached in the opinion may be revised by the panel, or reconsidered by the en banc court, or certiorari may be granted by the Supreme Court." *Flagship Marine Servs., Inc. v. Belcher Towing Co.*, 23 F.3d 341, 342 (11th Cir. 1994).

The D.C. Circuit's decision vacating the original certificate was not final until the court issued its mandate on October 8, 2021.  Additionally, informing the Commissioners of the D.C. Circuit's decision had the potential to confuse the issues at the hearing.  The purpose of the hearing was to present evidence to the Commissioners to assist them in determining just compensation for the property taken by plaintiff, not to determine the validity of the certificate.  The decision to move forward with the evidentiary hearing and not to inform the Commissioners regarding the D.C. Circuit's decision is not manifest error.

Because the Court finds no manifest error of law or fact in its decision, and defendants do not present any newly discovered evidence, the Court will not alter or amend its order overruling defendants' objections and adopting the Commissioners' Report with respect to the Schaeffer tract.

### **MOTION FOR ENTRY OF FINAL ORDER AND JUDGMENT**

Plaintiff moves for entry of final order and judgment with respect to the Schaeffer, Machens, and Poggemoeller tracts.  (Docs. 676, 680, 681.)  Defendants Schaeffer and the Schaeffer Trust oppose the motion with respect to the Schaeffer tract.  (Doc. 684.)  They argue that plaintiff lacks a valid certificate; that the Court lacks jurisdiction over the complaint; that the temporary certificate does not confer eminent domain authority; and that plaintiff's condemnation authority is presumptively stayed.  (*Id*.)  Defendants Kelly and Shelley Machens and Alan and Sharon Poggemoeller also oppose the motions with regard to their respective tracts.  (Doc. 688.)  They argue that plaintiff does not have a valid certificate; that the temporary certificate does not convey eminent domain authority to plaintiff; that plaintiff does not have condemnation authority from the Court under the temporary certificate; and that the temporary certificate is temporary and does not confer permanent property rights.  (*Id*.)

As discussed above, the Court concludes that plaintiff holds a valid certificate of public convenience and necessity, and the Court retains jurisdiction over the complaint. The Court also concludes that the temporary certificate confers eminent domain authority. The issuance of a certificate of public convenience and necessity permits the holder to

exercise the right of eminent domain.  15 U.S.C. § 717f(h).  The Court concluded that the original FERC certificate conferred upon plaintiff eminent domain authority. (Doc. 222 at 6.)  FERC issued the temporary certificate "under the previously approved terms, conditions, authorizations, and tariff," and it stated that as a condition of accepting the certificate, plaintiff "must continue all restoration activities along the project right-of-way."  (Doc. 667-1 at 5.)  Because eminent domain authority is one of the previously approved authorizations, the Court concludes that plaintiff retains eminent domain authority under the temporary certificate.

The Court disagrees that the FERC Order 871-B presumptively stays plaintiff's eminent domain authority.  FERC Order 871-B states that, with respect to orders issued pursuant to 15 U.S.C. 717f(c), "no authorization to proceed with construction activities will be issued" until after a specified period of time.  18 C.F.R. § 157.23.  In the comments accompanying the order, FERC states its belief "that it is fundamentally unfair for a pipeline developer to use a section 7 certificate to begin the exercise of eminent domain before the Commission has completed its review of the underlying certificate order." FERC Order 871-B ¶ 47.  As the United States District Court for the Central District of Illinois stated, "[t]hese concerns do not apply where, as in this case, construction of the pipeline has already been completed and the purpose of the temporary certificate is to allow a developer to continue to operate and maintain the pipeline."  *Spire STL Pipeline LLC v. Betty Ann Jefferson, et al.*, 18-cv-3204, at *8 (C.D. Ill. Oct. 27, 2021).  Plaintiff has already completed construction of the pipeline and is not permitted by the temporary certificate to engage in any construction or provide any new service; therefore, FERC Order 871-B does not presumptively stay plaintiff's eminent domain authority.

For the foregoing reasons, the Court sustains plaintiff's motions for entry of final order and judgment and issues the appropriate Final Orders and Judgments herewith.

## MOTION TO CLARIFY ORDER

Plaintiff moves to clarify the Court's order for alternative dispute resolution (Doc. 693.)  In its order, the Court directed that the parties "must select a neutral mediator to

consider the issue of just compensation for any and all tracts in this consolidated action." (Doc. 675.)  Plaintiff now requests that the Court clarify whether the Schaeffer tract is to be included in the matters submitted to the mediator.

As plaintiff points out in its motion to clarify, the issue of just compensation as to the Schaeffer tract has been submitted to and decided by the Commission, and the Court has adopted the Commission's findings.  However, the parties remain free to negotiate with respect to just compensation for the Schaeffer, Poggemoeller, and Machens tracts.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant-landowners' motion to dismiss **(Doc. 679) is denied.**

**IT IS FURTHER ORDERED** that defendants Schaeffer and the Schaeffer Trust's motion to alter or amend the judgment **(Doc. 683) is denied.**

**IT IS FURTHER ORDERED** that defendant-landowners' motion for ruling on the motion to dismiss **(Doc. 685) is denied as moot.**

**IT IS FURTHER ORDERED** that plaintiff's motions for entry of final order and judgment **(Docs. 676, 680, and 681) are sustained.**  Appropriate Final Orders and Judgments are issued herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to clarify **(Doc. 693) is sustained**, such that the Schaeffer tract may be submitted to the mediator.

                                               /s/ David D. Noce
                                    **UNITED STATES MAGISTRATE JUDGE**

Signed on November 23, 2021.