UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, ) | |
| ) | Consolidated Action |
| Plaintiff, ) | No. 4:18 CV 1327 DDN |
| ) | |
| v. ) | |
| ) | No. 4:18 CV 1343 |
| 3.31 ACRES OF LAND, *et al.*, ) | Poggemoeller Tract |
| ) | Tract No. MO-SC 307.000 |
| Defendants. ) | |

## FINAL ORDER AND JUDGMENT OF CONDEMNATION
## AND VESTING TITLE TO EASEMENTS

On December 12, 2018, the Court granted plaintiff Spire STL Pipeline LLC's motion for an order of condemnation and preliminary injunction, authorizing plaintiff under the Natural Gas Act, 15 U.S.C. § 717f(h), to condemn a portion of the parcels of property to be acquired by eminent domain as described by plaintiff in the consolidated actions. (Doc. 86 and 235, respectively.)  The Court subsequently established a Commission to receive evidence and determine the amount of just compensation owed to defendants for the taking of the easements for the pipeline construction.  On July 26 through 30, 2021, the Court held an evidentiary hearing.

The Court enters its judgment as follows:

1. On August 19, 2018, plaintiff filed its Complaint pursuant to the authority and provisions of the Natural Gas Act, 15 U.S.C. § 717f(h), seeking to condemn a permanent easement and temporary easements (collectively, the "Easements") necessary to construct a pipeline. The Easements on the Poggemoeller Property are legally described as follows:

**Poggemoeller Property Tract No. MO-SC-307.000**

**Permanent Easement**

Part of the Alan C. Poggemoeller and Sharon Poggemoeller tract according to General Warranty Deed as recorded in the St. Charles Co., Missouri Courthouse, Deed Book 6094, Page 2012 namely part of US Surveys No. 125, 126, and 127 of the Common Field of Portage des Sioux and Survey No. 1692 all out of Township 48 North, Range 6 East of the 5th Principal Meridian in St. Charles Co., Missouri and further described as follows;

Commencing at the Southwest corner of Parcel 1 of said Deed Book 6094, Page 2012, a 4"x7" Limestone or Rock Marker Found, thence northeast along the west line of said Parcel 1, eight hundred thirty-five and seven tenths, (835.7') feet to the Point of Beginning (POB);

said POB being the installed centerline of a twenty-four (24") inch natural gas pipeline on the subject property,

thence southeast with said pipeline two thousand, two hundred, ninety-two and two tenths (2,292.2') feet to the Point of Termination (POT) on the subject property, the East line of said Survey No. 126, said point being nine hundred forty-nine and five tenths (949.5') feet Southeast from the Northeast Corner of said Survey No. 126, a 3 ¼" Aluminum Marker set.

The area of Permanent Easement is parallel to the gas line, fifteen (15.0') feet South and thirty-five (35.0') feet North of said gas line (fifty feet total) for the length of the property and equal to an area of two and sixty-three hundredths (2.63) Acres, more or less.

A true and accurate depiction of the **Permanent Easement** to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

### Temporary Workspace/Construction Easement

The area of Temporary Workspace ("TWS Easement") is a strip of land forty (40.0') feet wide the limits of which lay fifteen (15.0') feet and fifty-five (55.0') feet south of and parallel to the gas line and equal to an area of two and ten hundredths (2.10) Acres, more or less.

This TWS Easement will become null and void upon completion of the above described construction, but the easement will expire no later than August 2, 2020.

A true and accurate depiction of the TWS Easement to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

### Additional Temporary Workspace Construction Easement

Areas of Additional Temporary Workspace ("ATWS Easement") are strips of land twenty-five (25.0') feet wide in three locations, the limits of first which lay thirty-five (35.0') feet and sixty (60.0') north of and parallel to the gas line and runs a length of five hundred sixty-one and two tenths (561.2') feet, the limits of second which lay fifty-five (55.0') feet and eighty (80.0') feet south of and parallel to the gas line and runs the length of the property; and the limits of the third which lay eighty (80.0') feet and one hundred five (105.0') feet south of and parallel to the gas line and runs a length of five hundred fifty-eight and two tenths (558.2') feet, all being dimensioned on attached map and equal to a combined area of one and ninety-five hundredths (1.95) Acres, more or less.

This ATWS Easement will become null and void upon completion of the above-described construction, but the easement will expire no later than August 2, 2020.

A true and accurate depiction of the ATWS Easement to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

2. The following persons have an interest in and are the "Record Owners" of the Poggemoeller Property: Alan Poggemoeller and Sharon Poggemoeller, husband and wife ("defendants").

3. On September 8, 2020, plaintiff amended the Complaint by interlineation to include additional detail with respect to how the parties may use the Permanent Easement now that construction of the pipeline is complete.

4. On July 26 through 30, 2021, the Court held an evidentiary hearing, which all Commissioners attended in-person or remotely, and the Commission filed its Report on September 2, 2021.

5. The Commission found that the total just compensation and damages to be awarded to Defendants is $94,633.50. (Doc. 657.)

6. On October 5, 2021, the Court entered its Memorandum and Order adopting the Commission's Report in full. (Doc. 678.)

7. As part of the Orders granting plaintiff's requests for preliminary injunctions granting it possession of the property necessary to construct the pipeline, the Court required plaintiff to deposit a total of $1,325,000.00 with the Clerk of the Court. This amount constituted approximately 1.5 times the total value of plaintiff's estimate of just compensation due to the parcels subject to the pending condemnation matters.

8. On or about January 24, 2020, the Court, at defendants' request, disbursed the amount of $24,037.00 from the Court Registry to defendants via a check made payable to their counsel.

**THEREFORE, IT IS ORDERED** that the interests in land described above be and hereby are condemned by plaintiff, and that the same be and hereby are conveyed to plaintiff, its successors and assigns in perpetuity, with plaintiff having the right to take possession of or make use thereof, including the ability to construct, operate, maintain, access, inspect, alter, replace, reconstruct, install, improve, substitute, protect, repair, abandon in place and remove at will, in whole or in part, the pipeline for the transportation of natural gas, as more fully described in and/or limited by the FERC Certificate and Complaint, as amended.

**IT IS FURTHER ORDERED** that defendants are entitled to receive payment of just compensation in the principal amount of $70,596.50, which is in addition to the sum already paid to defendants in January 2020. The Court also finds that consistent with Mo. Rev. Stat. § 523.045, defendants are entitled to the payment of interest at the rate of six percent (6%) per annum on the principal balance of $70,596.50 (i.e., $11.60 per day) from December 17, 2018 to the date of entry of this Judgment.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to pay $70,596.50, plus accrued interest totaling $12,435.20, to defendants from the funds previously deposited by plaintiff.

**IT IS FURTHER ORDERED** that plaintiff is authorized to immediately record and have indexed appropriately this Order and other documents of record as necessary to effectuate transfer of legal title to the foregoing Easements in the land records of the County where the above-described property is situated.

        /s/ David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 23, 2021.