UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, | ) | |
| | ) | Consolidated Action |
| Plaintiff, | ) | No. 4:18 CV 1327 DDN |
| | ) | |
| v. | ) | |
| | ) | No. 4:18 CV 1344 |
| 3.31 ACRES OF LAND, *et al*., | ) | Schaeffer Tract |
| | ) | Tract No. MO-SC 312.000 |
| Defendants. | ) | |

**FINAL ORDER AND JUDGMENT OF CONDEMNATION
AND VESTING TITLE TO EASEMENTS**

On December 12, 2018, the Court granted plaintiff Spire STL Pipeline LLC's motion for an order of condemnation and preliminary injunction, authorizing plaintiff under the Natural Gas Act, 15 U.S.C. § 717f(h), to condemn a portion of the parcels of property to be acquired by eminent domain as described by plaintiff in the consolidated actions. (Doc. 86 and 235, respectively.)  The Court subsequently established a Commission to receive evidence and determine the amount of just compensation owed to defendants for the taking of the easements for the pipeline construction.  On June 21 through 25, 2021, the Court held an evidentiary hearing.

The Court enters its judgment as follows:

1. On August 3, 2018, the Federal Energy Regulatory Commission ("FERC") granted plaintiff a Certificate of Public Convenience and Necessity ("FERC Certificate"), authorizing plaintiff to construct a new, 65-mile natural gas pipeline in Missouri and Illinois.

2. Plaintiff thereafter commenced this action under the authority and provisions of the Natural Gas Act, 15 U.S.C. § 717f(h), to acquire permanent and temporary construction easements through the exercise of eminent domain.

3. In order to construct, operate, and maintain the pipeline in a manner conducive to the public interest, convenience and safety, plaintiff required easements on, over, and across the real estate hereinafter referred to as the "Schaeffer Property."

4. On August 16, 2018, plaintiff filed its Complaint seeking to condemn a permanent easement and temporary easements (collectively, the "Easements") necessary to construct the pipeline. The Easements on the Schaeffer Property are legally described as follows:

### Schaeffer Property Tract No. MO-SC-312.000

### Permanent Easement

Part of the Dennis H. Schaeffer Trust, 50% interest tract and part of the Virginia A. Schaeffer Trust, 50 % interest tract according to General Warranty Deed as recorded in the St. Charles Co., Missouri Courthouse, Deed Book <u>1735</u>, Page <u>1271</u> namely part of US Surveys No. 118, 158, 159, 160, 161, 162, and 163 of the Common Field of Portage des Sioux, Township 48 North, Range 6 East of the 5th Principal Meridian in St. Charles Co., Missouri and further described as follows;

Commencing at the Northwest corner of said Survey No. 163 (in Portage Rd.) thence Southwest along the west line of said Survey No. 163, nine hundred thirty- four and four tenths, (934.4') feet to the Point of Beginning (POB);

said POB being the installed centerline of a twenty-four (24") inch natural gas pipeline on the subject property,

thence southeast with said pipeline three-hundred, seventy-two and four tenths (372.4') feet; thence deflecting with pipeline to the left 22 Degrees 30 Minutes for sixty (60.0') feet; thence deflecting with pipeline to the left 22 Degrees 30 Minutes for one hundred eighty-two and five tenths (182.5') feet; thence deflecting with pipeline to the right 22 Degrees 30 Minutes for sixty (60.0') feet; thence deflecting with pipeline to the right 22 Degrees 30 Minutes for seven hundred eighty-one and seven tenths (781.7') feet to the Point of Termination (POT) on the subject property, the East line of said Survey No. 158.

The area of **Permanent Easement** is parallel to the gas line, fifteen (15.0') feet South and thirty-five (35.0') feet North (fifty feet total) for the length of the property and equal to an area of one and sixty-seven hundredths (**1.67**) Acres, more or less.

A true and accurate depiction of the Permanent Easement to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

### Temporary Workspace/Construction Easement

The area of **Temporary Workspace** is a strip of land forty (40.0') feet wide the limits of which lay fifteen (15.0') feet and fifty-five (55.0') feet south of and parallel to the gas line and equal to an area of one and thirty-four hundredths (**1.34**) Acres, more or less.

This Temporary Workspace/Construction Easement will become null and void upon completion of the above described construction, but the easement will expire no later than August 2, 2020.

A true and accurate depiction of the Temporary Workspace/Construction Easement to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

### Additional Temporary Workspace Construction (ATWS) Easement

Area of **Additional Temporary Workspace** is a strip of land twenty-five (25.0') feet wide the limits of which lay fifty-five (55.0') feet and eighty (80.0') feet south of and parallel to the gas line and equal to an area of eighty-four hundredths (**0.84**) of an Acre, more or less.

This ATWS Easement will become null and void upon completion of the above described construction, but the easement will expire no later than August 2, 2020.

>A true and accurate depiction of the ATWS Easement to be taken is included in and incorporated by reference in **Exhibit 3** attached to the Complaint.

5. The following parties have an interest in and is the "Record Owner" of the Schaeffer Property: Virginia A. Schaeffer, as Trustee of the Dennis H. Schaeffer Trust dated 2 March 1995, and to their successor(s) as Trustee, as to an undivided one half (1/2) interest, and Virginia A. Schaeffer, as Trustee of the Virginia A. Schaeffer Trust dated 2 March 1995, and to their successor(s) Trustee, as to an undivided one half (1/2) interest, as tenants in common (collectively, "defendants").

6. On September 8, 2020, plaintiff amended the Complaint by interlineation to include additional detail with respect to how the parties may use the Permanent Easement now that construction of the pipeline is complete.

7. On June 21 through 25, 2021, the Court held an evidentiary hearing. All of the Commissioners attended in-person or remotely, and the Commission filed its Report on July 12, 2021.

8. The Commission found that the reasonable value of total just compensation related to the Schaeffer Property is $23,750.00. (Doc. 622.)

9. On September 21, 2021, the Court entered its Memorandum and Order adopting the Commission's Report in full. (Doc. 666.)

10. As part of the Orders granting plaintiff's requests for preliminary injunctions granting it possession of the property necessary to construct the pipeline, the Court required plaintiff to deposit a total of $1,325,000.00 with the Clerk of the Court. This amount constituted approximately 1.5 times the total value of plaintiff's estimate of just compensation due to the parcels subject to the pending condemnation matters.

11. On or about January 24, 2020, the Court, at defendants' request, disbursed the amount of $14,146.00 from the Court Registry to defendants via a check made payable to their counsel.

**THEREFORE, IT IS ORDERED** that the interests in land described above be and hereby are condemned by plaintiff, and that the same be and hereby are conveyed to

plaintiff, its successors and assigns in perpetuity, with plaintiff having the right to take possession of or make use thereof, including the ability to construct, operate, maintain, access, inspect, alter, replace, reconstruct, install, improve, substitute, protect, repair, abandon in place and remove at will, in whole or in part, the pipeline for the transportation of natural gas, as more fully described in and/or limited by the FERC Certificate and Complaint, as amended.

**IT IS FURTHER ORDERED** that defendants are entitled to receive payment of just compensation in the principal amount of $9,604.00, which is in addition to the sum already paid to defendants in January 2020. The Court also finds that consistent with Mo. Rev. Stat. § 523.045, defendants are entitled to the payment of interest at the rate of six percent (6%) per annum on the principal balance of $9,604.00 (i.e., $1.58 per day) from December 17, 2018 to the date of entry of this Judgment.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to pay $9,604.00, plus accrued interest totaling $1,693.76, to defendants from the funds previously deposited by plaintiff.

**IT IS FURTHER ORDERED** that plaintiff is authorized to immediately record and have indexed appropriately this Order and other documents of record as necessary to effectuate transfer of legal title to the foregoing Easements in the land records of the County where the above-described property is situated.

      /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 23, 2021.